## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00265-SCT

*WILLIE MARSHALL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/95 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/5/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/26/96 |

**BEFORE SULLIVAN, P.J., PITTMAN AND BANKS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. This case is an appeal from a denial of relief under the Uniform Post Conviction Collateral Relief Act. Willie Marshall plead guilty in the Circuit Court of Bolivar County on December 20, 1984. His guilty pleas were accepted and sentencing was deferred until the May 1985, term of court. On May 28, 1987, Marshall was given a five year sentence. Marshall filed a petition for post-conviction relief on February 9, 1994. From the denial of this petition, Marshall appeals.

¶2. Marshall contends that the delay in sentencing violated his Sixth Amendment right to a speedy trial. In support of his position, Marshall cites *Trotter v. State*, 554 So. 2d 313, 318 (Miss. 1989), where the Court adopted the Fifth Circuit's position that sentencing is part of the trial for the purposes of the Sixth Amendment speedy trial guarantee. *See also Juarez-Casares v. United States*, 496 F.2d 190, 192 (5th Cir. 1974).

¶3. Marshall also argues that the trial court should have conducted an evidentiary hearing on the claims presented. He cites *Alexander v. State*, 605 So. 2d 1170, 1173 (Miss. 1992), for the Court's commitment to the principle that a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the

petitioner can prove no set of facts in support of his claim which would entitle him to relief. Marshall maintains he "made a substantial showing of denial of his rights under state law, as demonstrated by the record, that the trial court did not follow the proper law in regards to denial of an appeal through fault of counsel of denial of counsel to perfect and prosecute direct appeal."

¶4. Marshall filed his petition in February 1994, almost seven years after he was sentenced. He is precluded by the time bar laid out in section 99-39-5 (2). Marshall asserts that the time bar is not applicable to his case. In support he cites *Luckett v. State*, 582 So. 2d 428, 430 (Miss. 1991), where the Court held, "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration . . ." *See also Kennedy v. State*, 626 So. 2d 103, 105 (Miss. 1993). However, the Court discussed at length the three year statute of limitations provision in *Cole v. State*, 608 So. 2d 1313, (Miss. 1992), *cert. denied*, 508 U.S. 962 (1993). We held, "[i]t is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights. (citations omitted) We conclude that a time limitation also may be placed on the exercise of a state constitutional right." *Id.* at 1319. *Cole* also recognized that statutes of limitations speak to remedial and procedural matters rather than the destruction of fundamental rights. *Id.* Here, Marshall had a remedy; he had three years within which to challenge the delay of his sentence. Marshall, however, waited almost seven years before filing. By failing to exercise the statutory remedy, he waived the right to challenge his sentence.

¶5. Furthermore, Marshall's only support for his petition was his own affidavit. This affidavit was not sufficient for establishing an evidentiary hearing based on *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992). Campbell's petition was based on allegations that a witness was available to testify but not available to give an affidavit. *Id.* On the basis of Campbell's pleading and the record, we affirmed the lower court's ruling that Campbell did not make the requisite showing to entitle him to post-conviction relief. The same can be said for Marshall. His petition is only supported by his affidavit. There is no affidavit from his attorney or anyone else involved with his plea. Marshall did not make the requisite showing for an evidentiary hearing.

¶6. This matter is time barred pursuant to the Court's decision in *Cole*. In addition there is no support for an evidentiary hearing as required by the Act. The decision of the lower court is affirmed.

¶7. **AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**BANKS, JUSTICE, CONCURRING:**

¶**8.** I concur in the result but I do not agree that our statutory scheme requires affidavits other than the accused's in every case as suggested by the majority opinion. *See* Miss. Code Ann. § 99-39-9(1) (e) (1972) (affidavits required only in connection with "the facts which are not within the prisoner's

personal knowledge"); ***Foster v. State***, 95-DP-00750-SCT, slip op. (Miss. 1996) (Banks, J., dissenting).

**SULLIVAN, P.J., JOINS THIS OPINION.**