# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CA-01181-SCT

*FRANK BRISCO*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/95 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/30/97 |


**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

This matter is before the court on appeal from a decision by the circuit court denying the appellant's motion for post-conviction relief without a hearing. We conclude that the petition to enter a guilty plea reflects the plea agreement which the petitioner actually received and that his bare assertion that a different agreement existed is insufficient to entitle him to an evidentiary hearing.

### I.

The appellant, Frank Brisco, appeals a decision by the Circuit Court of the First Judicial District of Hinds County, Mississippi, denying his Motion to Supplement and/or Amend Motion to Correct Sentence and/or in the Alternative to Reconsider. The appellant contends that he entered a plea

agreement with the State whereby he would receive a sentence not in excess of five (5) years in exchange for his guilty plea to three (3) criminal offenses and related testimony against co-defendant Lamar Abrams. Brisco claims the State failed to honor the terms of the plea agreement and that he is therefore entitled to an opportunity to reenter his plea to the offenses as a matter of law.

We conclude that the circuit court was well within its authority to dismiss Brisco's motion pursuant to Miss. Code Ann. § 99-39-11(2) (1994):

> If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.

The record reflects that Brisco received the exact sentence for which he bargained and to which he pled guilty. A plain reading of the petition to enter the guilty plea clearly indicates that Brisco did not bargain for a sentence limited to five (5) years. Section 10(b) of the petition indicates that Brisco was to serve five years for receiving stolen goods and five years for grand larceny to run concurrently, and seven years for business burglary as a habitual offender to run consecutively. The petition also expressly states that there were no side agreements or other promises. There is nothing in the record to substantiate Brisco's claim that he entered a plea agreement with the State to serve five (5) years in exchange for his cooperation with the State's prosecution of the case. Nor does Brisco attempt to explain the disparity between the plea petition and his present assertion. Thus, Brisco's claim is without merit.

## II.

Brisco also brings a claim of ineffective assistance of counsel in relation to the supposed plea agreement limiting his sentence to five (5) years. Brisco suggests that he was induced to sign the guilty plea petition because of the agreement, and but for the attorney's erroneous advice and/or failure to memorialize the reduction of sentence he would not have signed the guilty plea petition or been sentenced beyond five (5) years.

In *Marshall v. State*, 680 So. 2d 794 (Miss. 1996), we held that a motion for PCR is an adequate basis for an evidentiary hearing unless it is beyond doubt that the petitioner cannot prove facts to support his claim. As already noted, there is absolutely no support in the record for Brisco's bare allegation that an alternative plea agreement existed. We therefore conclude that the circuit court properly denied Brisco's motion without a hearing.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**