# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01279-SCT

*THOMAS GABLE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/1998 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/30/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/21/99 |

## BEFORE SULLIVAN, P.J., BANKS AND WALLER, JJ.

## SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. In this pro se appeal, Thomas Gable contends that the Circuit Court of Forrest County erred by denying his Petition for Post-Conviction Relief without requiring an evidentiary hearing as to the following claims:

(1) Gable was not represented by counsel when he signed a waiver of indictment;

(2) Gable was not represented by counsel when he entered into a plea agreement;

(3) Gable did not have an opportunity to consult with an attorney at any time during the proceedings in the lower court; and

(4) Gable was not advised by the trial court as to the minimum and maximum terms of imprisonment imposed for armed robbery.

Finding no merit to any of Gable's claims, we affirm the lower court's denial of post-conviction relief in this case.

## STATEMENT OF THE CASE AND FACTS

¶2. Thomas Gable pled guilty to armed robbery and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections on April 28, 1994. On April 9, 1997, Gable filed a Petition for Post-Conviction Relief pursuant to Miss. Code Ann. §§ 99-39-1 to 99-39-29 (1994 and Supp. 1999), which was denied by the Circuit Court of Forrest County on August 6, 1998. Aggrieved by the trial court's decision, Gable appeals pro se to this Court.

## STATEMENT OF THE LAW

¶3. Under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to 99-39-29 (1994 and Supp. 1999), we consider the summary denial and dismissal of a petitioner's claim to determine whether the application presents "a claim procedurally alive 'substantial[ly] showing denial of a state or federal right.'" If so, the petitioner is entitled to an in-court opportunity to prove his claims. *Horton v. State*, 584 So. 2d 764, 767 (Miss. 1991) (citation omitted).

¶4. Gable contends that he was entitled to an evidentiary hearing on the claims presented in his Petition for Post-Conviction Relief. The State maintains Gable was not entitled to an evidentiary hearing, because the only support for his petition was his own affidavit. In support of its argument, the State cites *__Young v. State__, 731 So. 2d 1120 (Miss. 1999)*; *__Marshall v. State__, 680 So. 2d 794 (Miss. 1996)*; *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992).

¶5. Gable's first claim is that he was denied due process of law because he was not represented by counsel when he signed the waiver of indictment. The waiver of indictment contains the signatures of both Gable and his attorney, Jeff Bradley. Also appearing on the waiver of indictment are the initials "J.K.L.," written to the right of Bradley's name on the signature line for the attorney for the defendant. Gable claims that at the time he signed the waiver of indictment, all that appeared on the signature line were the initials "J.K.L." Accordingly to Gable, J.K.L. was a legal assistant working for the public defender's office and the only person he spoke with concerning his case prior to his appearance in open court. Gable alleges that he signed the waiver of indictment despite the absence of his attorney's signature and despite the fact that he had not yet spoken with his attorney, because he was under the impression that he would see his attorney before his court appearance.

¶6. Gable's second claim is that he was not represented by counsel when he entered into a plea agreement. Specifically, Gable claims that he was denied due process when the district attorney entered into a plea agreement with J.K.L., a legal assistant working for the public defender's office, rather than an attorney. Gable also claims that he was denied effective assistance of counsel because Bradley was not present during his plea hearing, and attorney Rex Jones, who stood in for Bradley, was not familiar with his case. Gable's third claim is that he was denied effective assistance of counsel because "at no time during the proceedings against him did he have the counsel of an attorney."

¶7. Gable's final claim, raised for the first time in the reply brief he filed with this Court, is that he was not advised of the minimum and maximum sentences that the trial court could impose for armed robbery. The only evidence offered by Gable in support of these four claims is his own affidavit.

¶8. In *__Ford v. State__, 708 So. 2d 73, 75 (Miss. 1998)*, we stated that the lack of supporting affidavits does not in and of itself render a motion invalid where there are no witnesses to the allegations asserted by the appellant. However, on several occasions we have also held that "where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written

statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required." ***Young***, 731 So. 2d at 1122-23 (*quoting **Wright v. State***, 577 So. 2d 387, 390 (Miss. 1991) (citations omitted); ***Marshall v. State***, 680 So. 2d 794, 795 (Miss. 1996) (*citing **Campbell v. State***, 611 So. 2d 209, 210 (Miss. 1992)).

¶9. We find that the unimpeachable documentary evidence in the record belies Gable's claims, and therefore, no hearing is required in this case. Gable's claims are in direct conflict with the transcript of the guilty plea hearing which reveals that Gable was represented by Jones, was given the opportunity to consult with Jones, and had no objection to Jones standing in for his attorney Bradley. When asked if the charge against him had been explained to him by the District Attorney and by his own counsel, Gable answered, "Yes sir." Jones informed the trial court that he had advised Gable of his rights, and Gable, when asked by the trial judge whether his attorney had properly advised him on the plea and whether he believed that his attorney had properly represented him in this case, answered, "Yes sir."

¶10. As to Gable's final claim that he was not advised by the trial court regarding the maximum and minimum sentences imposed for armed robbery, it should first be noted that Gable failed to raise this issue in the trial court and that he failed to properly raise the issue before this Court by waiting until his reply brief to raise the issue for the first time. Without waiving the procedural bar, Gable's final claim is without merit. The transcript of the guilty plea hearing establishes that Gable was, in fact, advised of the minimum and maximum sentences imposed for pleading guilty to armed robbery. When asked by the trial court if he understood that as a prior convicted felon he would be receiving a sentence of time, Gable answered, "Yes sir." When asked if he understood not only the maximum but any minimum sentence that may be imposed upon him for his plea of guilty, Gable again answered, "Yes sir." Gable also answered in the affirmative when asked if he understand that "even though this is a twenty (20) [year] sentence. . . you have to serve up to at least ten (10) years of that day for day without any benefit of any early release."

¶11. Great weight is given to statements made under oath and in open court during sentencing. ***Young***, 731 So. 2d at 1123 (*citing **Mowdy v. State***, 638 So. 2d 738, 743 (Miss. 1994). The transcript of Gable's guilty plea hearing belies his current contentions. Furthermore, Gable produced no affidavits other than his own contradicting his earlier sworn statements.

## **CONCLUSION**

¶12. Because the only support offered by Gable is his own affidavit which is contradicted by unimpeachable documents in the record, we conclude that an evidentiary hearing was not required. Accordingly, we affirm the trial court's judgment denying Gable post-conviction relief.

¶13. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**