¶ 1. Isaiah Williams, pro se, appeals an order of the Circuit Court of Sunflower County, Mississippi denying his post-conviction motion. Aggrieved, Williams raises the following assignments of error on appeal of said motion:
 I. WHETHER WILLIAMS HAD EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA AND SENTENCING HEARINGS.
 II. WHETHER THERE WAS SUFFICIENT EVIDENCE AGAINST HIM TO SUPPORT HIS PLEA OF GUILTY.
 III. WHETHER MISSISSIPPI'S SEXUAL BATTERY STATUTE IS VOID FOR VAGUENESS AND THEREFORE IN VIOLATION OF DUE PROCESS.
Finding no error, we affirm.
 FACTS
¶ 2. Isaiah Williams pled guilty to aggravated assault and sexual battery and was sentenced to a term of six years for the sexual battery and eight years for the aggravated assault with said sentences to run consecutively. Williams was further ordered to pay attorneys' fees and costs of court with supervised probation upon completion of his ordered sentences. Williams subsequently filed his motion for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1 (Rev. 1994) within the statutory period for said petition. His petition was partially granted as to the calculation of his sentence and parole eligibility; however, his remaining claims were denied. Williams's present appeal is founded on the claims denied by the trial court.
 ANALYSIS I. WHETHER WILLIAMS HAD EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA AND SENTENCING HEARINGS.
¶ 3. Williams argues that he was denied effective assistance of counsel during the plea and sentencing stages. Williams asserts several nonspecific instances of alleged ineffective assistance of counsel. He maintains that these instances give rise to a finding of constitutional error under the Sixth Amendment right to representation and the Fourteenth Amendment right to due process. In asserting his claim, Williams argues that his counsel provided misguided and misleading advice effecting the decisions made by Williams, failed to conduct a reasonable investigation of the evidence in his case, failed to properly interview his alibi witnesses, failed to file the motions he requested to be filed and failed to adequately share with him the nature of the evidence against him.
¶ 4. Williams's ineffective assistance of counsel challenge is dependent upon a successful completion of a two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by the Mississippi Supreme Court in Stringerv. State, 454 So.2d 468, 476 (Miss. 1984). Under the Strickland, Williams must demonstrate 1) that counsel's performance was deficient, and 2) that his defense was prejudiced by the deficient performance. Stringer, 454 So.2d at 476. Williams bears the burden of proving that both parts have been met. Leatherwood v.State, 473 So.2d 964, 968 (Miss. 1985). This test is reviewed under the strong but rebuttable presumption that an attorney is competent and his conduct is reasonable. Vielee v. State,653 So.2d 920, 922 (Miss. 1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State,684 So.2d 608, 610 (Miss. 1996).
¶ 5. Upon a careful and detailed review of the court documents, records, transcripts *Page 479 
and the briefs as presented to this Court, we hold that Williams has not met the burden of proving he was denied effective assistance of counsel during his plea and sentencing hearings. We note that the only proof submitted by Williams in support his allegations consists of what, at best, can only be described as mere assertions without any sound basis or substance to support the same. Each of the alleged deficient instances of representation raised by Williams are supported only by his own affidavits and nothing more. Without additional substantive offers of proof to support his allegations, his claim of ineffective assistance of counsel cannot survive. When an appeal involves post conviction relief, the Mississippi Supreme Court has held, "that where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." Lindsey v. State,720 So.2d 182, 184 (¶ 6) (Miss. 1998) (citing Vielee, 653 So.2d at 922 (Miss. 1995)). See also Brooks v. State, 573 So.2d 1350
(Miss. 1990); Smith v. State, 490 So.2d 860 (Miss. 1986). This assignment of error is without merit.
 II.
WHETHER THERE WAS SUFFICIENT EVIDENCE AGAINST HIM TO SUPPORT HIS PLEA OF GUILTY. III.
WHETHER MISSISSIPPI'S SEXUAL BATTERY STATUTE IS VOID FOR VAGUENESS AND THEREFORE IN VIOLATION OF DUE PROCESS.
¶ 6. Williams argues that there was an insufficient factual basis from which to support his pleas of guilty to the crimes of aggravated assault and sexual battery and that the sexual battery statute under which he pled guilty is void for vagueness. Williams maintains that the "State failed to prove beyond a reasonable doubt by competent evidence that the defend [sic] [he] committed the crime of sexual battery" and that the "evidence adduced at trial wholly failed to prove that appellant possessed the mental intent implicitly and necessarily required under the sexual battery statute." He further maintains, in regard to his attack on the validity of the sexual battery statute, that his plea cannot stand given the unconstitutional nature of the statute. Williams is woefully mistaken on both arguments. First, the State need not prove any of the essential elements of the crime charged when the defendant enters a valid guilty plea. King v. State,738 So.2d 240, 241 (¶ 5) (Miss. 1999). Williams, by pleading guilty, admitted his guilt and waived proof by the State. Id.; Andersonv. State, 577 So.2d 390, 391 (Miss. 1991); Ellzey v. State,196 So.2d 889, 892 (Miss. 1967). Second, the Mississippi Supreme Court has previously held that Miss. Code Ann. § 97-3-95 does withstand constitutional muster and is not void for vagueness.Roberson v. State, 501 So.2d 398, 400 (Miss. 1987).
¶ 7. In addition to the above mentioned analysis, Williams's claims are procedurally barred for failing to raise issues capable of determination at trial. Miss. Code Ann. § 99-39-21 (1) (Rev. 1994) states:
 Failure by a prisoner to raise objections, defenses, claims, questions, issues, or errors either in fact or in law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
¶ 8. In addition, the use of § 99-39-21 (1) as a procedural bar receives substantial support in the unequivocal intent and purpose of the Post-Conviction Relief Act as stated in § 99-39-3 (2), which provides:
 Direct appeal shall be the principle means of reviewing all criminal convictions *Page 480 
and sentences, and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.
See also Williams v. State, 669 So.2d 44, 52 (Miss. 1996) (holding Post-Conviction Collateral Relief Act provides a procedure limited in nature and relief is not granted upon facts and issues which could have or should have been addressed at trial or on appeal); Cole v. State, 666 So.2d 767, 772-73 (Miss. 1995) (holding that post-conviction relief does not lie for facts and issues which were litigated at trial or on direct appeal). In addition to the procedural bar, this assignment of error is without merit.
¶ 9. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF DENIALOF POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARETAXED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, DIAZ, IRVING,LEE, MOORE, AND PAYNE, JJ., CONCUR.