764 So.2d 515 (2000)
Billy Joe ELDRIDGE a/k/a Billy Joe, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-CA-01634-COA.
Court of Appeals of Mississippi.
August 8, 2000.
*516 W.S. Stuckey Jr., Greenwood, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
KING, P.J., for the Court:
¶ 1. Billy Joe Eldridge, a/k/a Billy Joe, pled guilty to two counts of grand larceny in the Yazoo County Circuit Court. Eldridge was sentenced to serve five years on each count in the custody of the Mississippi Department of Corrections. Eldridge's sentences were suspended conditioned upon his successful completion of the Regimented Inmate Discipline (RID) Program at the Mississippi State Penitentiary. Among the requirements for successful completion of RID, is the obligation to refrain from any and all types and acts of gang activity.
¶ 2. Having been found to have violated this requirement, Eldridge was removed from RID. After removal, Eldridge sought relief in the Yazoo County Circuit Court, pursuant to the Uniform Post-Conviction Collateral Relief Act, alleging an insufficiency of evidence to support his removal. The circuit court denied relief, and Eldridge has appealed contending (1) the circuit court erred in affirming his removal from the RID Program; and (2) the circuit court erred in failing to suspend his sentence.
¶ 3. This Court finds no error and affirms.

FACTS
¶ 4. On August 4, 1997, Eldridge pled guilty to two counts of grand larceny, and was sentenced to five years on each count in the custody of the Mississippi Department of Corrections, to be served consecutively. The Yazoo County Circuit Court suspended these sentences conditioned upon Eldridge's successful completion of the RID Program.
¶ 5. Eldridge entered RID on October 28, 1997. RID is a four step program. Eldridge had completed step one, and was very close to the completion of step two. However, a program drill instructor discovered a letter which indicated that Eldridge had been initiated into a gang, the Black Gangster Disciples. This letter, which contained gang symbols and the date of birth, home telephone number, home address and age of a person identified only as "Billy Joe," stated Billy Joe had come into the organization of his own volition. The information contained in the letter was consistent with that of Eldridge.
¶ 6. Upon being questioned about the letter, Eldridge acknowledged that he was "Billy Joe" and had joined the Black Gangster Disciples. Eldridge also acknowledged being told that gang activity would cause him to be removed from RID. Having received this information, the termination committee voted 2-1 to remove Eldridge from the program.
¶ 7. On April 10, 1998, Eldridge filed a petition for post-conviction relief in the Yazoo County Circuit Court. After an evidentiary hearing, the circuit court denied all relief.

WAS THERE SUFFICIENT EVIDENCE TO SUPPORT THE REMOVAL OF ELDRIDGE FROM THE RID PROGRAM.

STANDARD OF REVIEW
¶ 8. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999).

*517 ANALYSIS
¶ 9. The circuit court which sentences an individual to the RID Program, under Miss.Code Ann. § 47-7-47 (Rev. 1993), may inquire into the circumstances of the prisoner's removal from the program. Wigginton v. State, 668 So.2d 763, 765 (Miss.1996). In the instant case, the circuit judge made such an inquiry. After receiving the evidence, the circuit judge found that, "both physical and testimonial evidence existed to support Eldridge's termination for gang participation. The gang initiation letter with Mr. Eldridge's personal information was some physical evidence of his participation corroborated by his admission to the Regimented Inmate Discipline Program staff members that he participated in gang activity." Our review of the record has shown significant credible evidence upon which the trial judge could base that finding. We therefore do not find her actions to be clearly erroneous.
¶ 10. Drill instructor Michael Weeks testified that participation in any gang activity is strictly forbidden by the RID Program. Weeks indicated that this absolute prohibition of gang activity, included writings, gestures and spoken words. He testified to having personally explained this prohibition and the other RID rules to Eldridge.
¶ 11. Weeks also testified to having found what he knew to be an initiation letter from the Black Gangster Disciples. Upon being questioned about this letter by Weeks, Eldridge acknowledged having joined the Black Gangster Disciples gang.
¶ 12. Ellen Miller, a RID case manager, testified that there were six offenses, among them gang activity, for which an individual could be removed from the RID Program. She indicated that all new program participants attend an orientation, where the RID rules are explained to them. Miller stated that she was present and conducted the orientation session attended by Eldridge.
¶ 13. Miller chaired Eldridge's termination hearing. She stated that in his appearance before the committee, Eldridge stated an awareness that gang activity was prohibited and acknowledged his initiation into the Black Gangster Disciples gang.
¶ 14. In testimony on his behalf, Eldridge denied any gang participation and suggested the testimony of Weeks and Miller was a lie.
¶ 15. The trial judge found the testimony of Weeks and Miller to be credible and accepted their testimony as fact. Issues of credibility are resolved by the trial court in a bench trial. Reed v. State, 749 So.2d 179 (¶ 3) (Miss.Ct.App.1999). This court will only reverse those findings if they are manifestly erroneous or clearly wrong. Id. Having resolved the matter of credibility, the trial judge found that there existed sufficient evidence of a rules violation to remove Eldridge from the RID Program. Having considered the record, this court cannot say that finding is either manifestly in error, or clearly wrong.
¶ 16. Eldridge suggests should this Court find that there was adequate reason to remove him from the RID Program, it should remand this matter to the circuit court to consider a possible suspension or reduction of his sentence. The imposition of sentence is within the discretion of the trial court.
So long as that discretion is exercised within constitutional and statutory limitations, this Court will not disturb its exercise. May v. State, 435 So.2d 1181, 1184 (Miss.1983). The sentence imposed upon Eldridge falls within acceptable constitutional and statutory limitations.
¶ 17. While Eldridge complains that the trial court was required to specifically rule on his request for sentence reduction, we find no merit in this argument. The trial court did in fact rule upon that request, stating "this Court has given him an opportunity to rehabilitate himself, has given him a very lenient sentence initially. He *518 made the decision that he did not want that. Therefore, this Court will not amend his initial sentence. That will be the order of this Court."
¶ 18. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APELLANT.
McMILLIN, C.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. MYERS, J., NOT PARTICIPATING.