BRIDGES, J.,
for the Court:
¶ 1. This is an appeal from the denial of post-conviction relief by the Circuit Court of Lowndes County, Honorable John M. Montgomery presiding. On December 2, 1996, Henry Williams pled guilty to the charge of attempted robbery and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections. Williams pled guilty under a plea agreement in which the charges of armed robbery and possession of a firearm by a convicted felon were dismissed, and Williams pled guilty to the lesser crime of attempted robbery. In addition, the plea agreement provided Williams would not be sentenced as a habitual offender, and the prosecution would recommend a sentence of fifteen years. After sentencing, Williams filed for post-conviction relief in the Circuit Court of Lowndes County, and it was denied. Williams appeals this ruling pro se and brings three issues before this Court:
1. WHETHER THE CIRCUIT COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT GIVING WILLIAMS AN EVIDENTIARY HEARING TO EXAMINE CERTAIN FACTS CONTAINED IN AN AFFIDAVIT SUBMITTED BY WILLIAMS?
2. WHETHER WILLIAMS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA HEARING?
3. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING WILLIAMS POST-CONVICTION RELIEF?
Finding no error, we affirm.
STATEMENT OF THE FACTS
¶ 2. Henry Williams pled guilty to the crime of attempted robbery after entering into a plea agreement with the State in which the State dismissed the charges of armed robbery and possession of a firearm by a convicted felon, recommended a sentence of fifteen years, and encouraged the court not to sentence Williams as a habitual offender. Williams claims his attorney told him, prior to the hearing, that he should agree with everything the judge and prosecution says or the prosecution might withdraw the plea agreement. During the hearing, the prosecution told the court Williams stated he had a gun while he was committing the crime. The trial court then asked Williams if he disagreed with anything the prosecution had said, and he answered no. Williams also stated what happened during the robbery, but he made no mention of the gun. Williams was sentenced during the same trial for *1050 the maximum number of years allowed for a charge of attempted robbery, fifteen years.
¶ 3. Williams then filed for post-conviction relief in the Lowndes County Circuit Court. His motion was denied without an evidentiary hearing. Williams claims, in affidavits filed with his motion and in his brief, that he actually had a knife and not a gun during the crime, but he agreed with what the prosecution said because his attorney told him to. Williams also claims in the affidavits that the only reason he pled guilty is because the prosecutor was threatening to seek a life sentence if Williams did not take the plea.
ANALYSIS OF THE LAW
STANDARD OF PROOF
¶ 4. The standard to be applied in reviewing a lower court’s denial of post-conviction relief is that this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Eldridge v. State, 764 So.2d 515, 516 (Miss.Ct.App.2000).
¶ 5. The Mississippi Supreme Court has held that “a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an eviden-tiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief.” Marshall v. State, 680 So.2d 794, 794 (Miss.1996). However, this does not mean that every time there are contradictory affidavits a hearing will be held; the contested facts must be material to require a hearing. Wright v. State, 577 So.2d 387, 390 (Miss.1991).
¶ 6. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney’s performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney’s conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.
DISCUSSION
1. WHETHER THE CIRCUIT COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT GIVING WILLIAMS AN EVIDENTIARY HEARING TO EXAMINE CERTAIN FACTS CONTAINED IN AN AFFIDAVIT SUBMITTED BY WILLIAMS?
¶ 7. Williams claims the trial court erred in denying him post-conviction relief because the judge failed to grant him an evidentiary hearing on the evidence he presented in his affidavits. Williams’s affidavit claims Williams’s attorney told him to agree with whatever the judge or prosecution said to avoid the prosecution withdrawing the plea agreement, and specifically that when asked if he agreed with the prosecution’s statement of the facts (that he had a gun during the attempted robbery) he stated he did to avoid trouble. Williams claims in his brief that he did not have a gun during the robbery, but actually had a knife. Williams claims because he agreed about the gun, the trial judge gave him the maximum sentence for attempted robbery instead of giving him a lighter sentence as he is allowed to do.
¶ 8. In examining this issue, the first thing we must address is whether or not Williams’s petition was sufficient to mandate an evidentiary hearing. The only proof of denial of rights Williams presented to the circuit court with his petition was his own affidavit. Also, the only thing in the affidavit different from the record was Williams’s claim that he had a knife and not a gun. This does not appear to this Court to be a material fact. There is no proof in the record that the evidence of a gun had any weight in the judge’s decision at all, and even if it had, the difference between a gun and a knife is minimal at *1051 best. Williams seems to think there is a large difference between the two, but there is no difference. According to section 97-3-79, a deadly weapon is a weapon the exhibition of which can put “such person in fear of immediate injury to his person ...” Miss.Code Ann. § 97-3-79 (2000). A gun and a knife can both be considered deadly weapons, so the presence of a knife instead of a gun would have had no mitigating effect. Bannister v. State, 731 So.2d 583 (¶ 4) (Miss.1999). Also, the trial court gave Williams a sentence within the boundaries allowed for attempted robbery. It has long been held that “[t]he imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute.” Reynolds v. State, 585 So.2d 753, 756 (Miss.1991) (citations omitted). For these reasons,'this Court does not feel this was a material fact, and thus an evidentiary hearing was not necessary.
¶ 9. This Court further finds the denial of an evidentiary hearing was correct because the only evidence conflicting with the record was Williams’s own affidavit. “Moreover, where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary to the extent that the court can conclude that the affidavit is a sham no hearing is required.” Wright, 577 So.2d at 390. In the transcript of Williams’s plea hearing, Williams stated he was satisfied with his counsel, and that no person had threatened him into pleading guilty. After hearing the prosecution read out the evidence it would have presented at trial, Williams was asked if he agreed with the prosecution’s version of the facts. Williams, while under oath, stated he agreed with all of the prosecution’s evidence including the presence of a gun. It is clear Williams’s affidavit is undermined by the record and, as stated above, when this occurs the court may decide the affidavit is a sham and deny an evidentiary hearing. This is what the trial court did in this case. This decision was not erroneous, and therefore must not be disturbed.
¶ 10. In addition, the Mississippi Supreme Court held in the case of Marshall v. State, 680 So.2d 794, 795 (Miss.1996), that where the petition of the appellant was only supported by his own affidavit (there were no other affidavits) the petitioner had failed to meet the requisite showing for an evidentiary hearing. Marshall, 680 So.2d at 795. With all of this in mind, it is clear the trial court did not err in failing to grant Williams an evidentiary hearing and in denying his request for post-conviction relief.
2. WHETHER WILLIAMS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA HEARING?
¶ 11. Williams claims because his counsel told him to go along with everything the trial judge and prosecution said that this amounted to ineffective assistance of counsel. Williams claims this advice caused him to agree with the prosecution about the presence of a gun during the robbery, thus causing the judge to give Williams the maximum penalty allowed under the law.
¶ 12. In looking at an ineffective assistance of counsel claim, the two prong test set out in Strickland must be observed. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires that it be determined whether or not the attorney’s performance was defective in any way. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Williams claims his attorney’s performance was defective because he told Williams to go along with what the prosecution and the trial judge said. However, Williams’s attorney never told Williams to lie under oath. By agreeing with the facts that the prosecution set out, Williams was lying about the gun (or he might have been telling the truth and he is lying here). It is unreasonable for Williams to think that “going along” with something could be eq *1052 uated with lying, especially when Williams had been sworn and was testifying under oath. There is a presumption that the performance of an attorney will fall into the realm of reasonable professional assistance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). Williams has failed to overcome this burden. It is reasonable to assume that Williams’s attorney told him to go along with what they said to avoid messing up the plea bargain. It is unreasonable to assume that Williams’s attorney was telling Williams to lie, and for this reason, Williams fails to meet the first prong of Strickland, and thus fails in his ineffective assistance of counsel claim. Because he fails in this claim, this Court affirms the trial court’s denial of post-conviction relief.
3. WHETHER THE CIRCUIT COURT ERRED IN NOT GRANTING WILLIAMS POST-CONVICTION RELIEF?
¶ 13. To prove that the lower court erred in not granting Williams’s motion for post-conviction relief, Williams must show that the lower court’s findings were clearly erroneous. Eldridge, 764 So.2d 515 (Miss.2000). Upon review of the record, this Court has found no holding of the lower court that could be considered erroneous. The lower court was correct in not granting an evidentiary hearing and in finding that Williams’s counsel performed within the realm of reasonable professional assistance. The trial judge sentenced Williams within the bounds of the sentencing guidelines and in compliance with the plea agreement. In fact, Williams received a lesser sentence than he would have received if he had not entered the plea agreement. If Williams had not entered into the plea agreement, there is a possibility he would have received life imprisonment on a charge of armed robbery. Miss. Code Ann. § 97-3-79 (2000). Williams -received the benefit of the bargain, and there is no reason to find otherwise. There is nothing erroneous about the trial judge’s decision. For this reason, this Court will not disturb the lower court’s findings, and thus we affirm the denial of post-conviction relief.
¶ 14. JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO LOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.