812 So.2d 1090 (2001)
Anthony FRIERSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-CP-00920-COA.
Court of Appeals of Mississippi.
March 27, 2001.
*1091 Anthony Frierson, Appellant, pro se.
Jean Smith Vaughan, Office of the Attorney General, Attorney for Appellee.
Before KING, P.J., BRIDGES, and THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. This case comes from the Circuit Court of Lowndes County, Honorable John M. Montgomery presiding. Anthony Frierson was charged and pled guilty to the crimes of sale and possession of cocaine. Frierson filed a motion with the circuit court seeking post-conviction relief from his guilty plea, and this motion was denied. Frierson has appealed the ruling of the trial court on the basis of several issues:
1. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE PETITIONER'S MOTION FOR POST-CONVICTION RELIEF WITHOUT SETTING AN EVIDENTIARY HEARING AND RULING ON THE MERITS OF THE CASE?
2. WHETHER, FRIERSON'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY COUNSEL'S INEFFECTIVE ASSISTANCE, WHEN HIS ATTORNEY FAILED TO TURN OVER DOCUMENTS TO THE COURT?
Finding no error, we affirm.

STATEMENT OF THE FACTS
¶ 2. Anthony Frierson was charged with and pled guilty to the crimes of sale and possession of cocaine. Frierson was sentenced to ten years in the custody of the Mississippi Department of Corrections. After sentencing, Frierson sought post-conviction relief in the Lowndes County Circuit Court. Frierson, admitting he was not challenging the validity of his guilty plea, sought a sentence modification on the basis he was a first time offender, he was getting his GED, and he was in discipleship classes. Frierson stated he would like to get into work release or any other program available to first time offenders. In his brief, Frierson alleged the police in Lowndes County dislike him and that his attorney failed to point this out to the court. Frierson also claimed his attorney failed to present some petitions to the court.
¶ 3. After review of the plea colloquy, guilty plea, and the sentencing order, the trial judge denied Frierson's motion for a modification of sentence stating the petition was not well taken and no hearing was necessary. The court further cited § 47-7-33 which prevents a judge from suspending *1092 a sentence once the defendant has begun serving the sentence. Miss.Code Ann. § 47-7-33 (Rev.2000). After his motion was denied, Frierson appealed to this Court.

DISCUSSION OF THE LAW

STANDARD OF PROOF
¶ 4. The standard to be applied in reviewing a lower court's denial of post-conviction relief is that this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Eldridge v. State, 764 So.2d 515, 516 (Miss.Ct.App.2000).
¶ 5. The Mississippi Supreme Court has held "a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794, 794 (Miss.1996). However, this does not mean every time there are contradictory affidavits a hearing will be held; the contested facts must be material to require a hearing. Wright v. State, 577 So.2d 387, 390 (Miss.1991).
¶ 6. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney's performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.

ANALYSIS

1. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING THE PETITIONER'S MOTION FOR POST-CONVICTION RELIEF WITHOUT SETTING AN EVIDENTIARY HEARING AND RULING ON THE MERITS OF THE CASE?
¶ 7. In raising this issue, Frierson mentions everything from the voluntariness of his guilty plea, to the ineffectiveness of his counsel as a basis for an evidentiary hearing. We shall deal with ineffective assistance of counsel in the next issue, so this issue shall be limited to whether the trial judge should have granted Frierson a post-conviction evidentiary hearing to determine whether his plea was voluntarily, knowingly, and intelligently given.
¶ 8. In the original pleadings Frierson presented to the circuit court seeking post-conviction relief, Frierson did not challenge the validity of his guilty plea. In fact, Frierson admitted on the first page of his pleadings his guilty plea was voluntarily given and he was not attempting to challenge the validity of his guilty plea. Frierson's purpose in appealing to the circuit court for post-conviction relief was to see if he could get his sentence modified. Frierson made no mention of wanting an evidentiary hearing dealing with his guilty plea. When a party raises an issue in an appeal that they failed to raise at trial, they will be procedurally barred from raising it because they should have raised it in the previous trial. Williams v. State, 752 So.2d 477(¶ 7) (Miss.Ct.App.1999). Because Frierson failed to raise the issue of his guilty plea in his first petition for post-conviction relief, he is estopped from raising it here.
¶ 9. The circumstances of this case do not require an evidentiary hearing. A *1093 trial court is correct in denying an evidentiary hearing when it is apparent there is no set of material facts which support the appellant's claim. Marshall, 680 So.2d at 794. No set of facts was set out in the record by Frierson supporting his claim his guilty plea was involuntary; therefore, the trial court was correct in denying him an evidentiary hearing. This Court will not disturb the findings of the lower court which denied post-conviction relief unless those findings are erroneous. Eldridge, 764 So.2d at 516. The trial court's findings in this case were clearly not erroneous, and for this reason we affirm as to this issue.

2. WHETHER, FRIERSON'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY COUNSEL'S INEFFECTIVE ASSISTANCE, WHEN HIS ATTORNEY FAILED TO TURN OVER DOCUMENTS TO THE COURT?
¶ 10. In dealing with this issue, it is important to note that nowhere in Frierson's original pleadings for post-conviction relief did Frierson specifically charge he had received ineffective assistance of counsel. There were several places where Frierson mentioned things his attorney did which displeased him, and that he thought harmed his case, but nowhere did he tie all of these facts together and label them as ineffective assistance. As stated above, this Court will not review an issue not previously raised because such an issue is barred. Williams, 752 So.2d at (¶ 7). However, since Frierson did mention these items, and when a prisoner is proceeding pro se we consider that fact and credit not so well pleaded allegations, we will evaluate whether any of these facts amount to ineffective assistance of counsel. Moore v. B.C. Ruth, 556 So.2d 1059, 1061 (Miss.1990).
¶ 11. Frierson's argument centers around the claim his attorney did not present documents to the court that Frierson told him to present. To prove ineffective assistance of counsel an appellant must show defective performance and also that the deficiency deprived the appellant of a fair trial. Hiter, 660 So.2d at 965. No mention is made in the record as to what these documents might have been or for what purpose they might have been offered. There is likewise no mention of them in the appellant's brief. This Court can make a ruling only based on what is found in the record. Mason v. State, 440 So.2d 318, 319 (Miss.1983). Because we do not know what these documents were or what they contained, there is no way for this Court to hold the failure of Frierson's attorney to offer them was deficient in anyway. Therefore, these "documents" are not a sufficient basis for this Court to rule Frierson's attorney acted deficiently in anyway. This is especially true considering the deference this Court gives to the decisions of counsel. Hiter, 660 So.2d at 965. Frierson has failed to present any basis for his claim of ineffective assistance of counsel, and for this reason we affirm as to this issue.
¶ 12. In conclusion, Frierson fails to prove his guilty plea was not knowingly, voluntarily, and intelligently given, thus leaving no basis for an evidentiary hearing. Frierson also fails in proving that he received ineffective assistance of counsel. For these reasons, we affirm the holdings of the trial court.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO LOWNDES COUNTY.
*1094 McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.