¶ 1. This appeal comes from the Circuit Court of Lowndes County, Honorable Lee J. Howard presiding. Eddie Clay filed motions for post-conviction relief four times seeking an evidentiary hearing into the validity of his guilty plea and whether his counsel was ineffective. These motions were all denied by the circuit court, the final one being denied December 1998. Clay also filed a motion for relief from judgment or out of time appeal which was denied on May 21, 1999. On January 13, 2000, Clay was granted an out of time appeal allowing him to appeal the dismissal of his claim in this Court. Clay comes now bringing three issues:
 1. WHETHER CLAY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE GUILTY PLEA PROCESS?
 2. WHETHER CLAY'S GUILTY PLEA WAS MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY?
 3. WHETHER THE TRIAL COURT ERRED IN DISMISSING CLAY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING?
Finding no error, we affirm.
 STATEMENT OF THE FACTS
¶ 2. On November 14, 1995, Eddie Clay pled guilty to one count of armed robbery. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections. Since this time, Clay has sought post-conviction relief four times, the final one being denied December of 1998. Clay then filed a motion for relief from judgment or in the alternative a motion for out of time appeal. He did this to convince the court to reconsider its earlier dismissal of post-conviction relief. This motion was dismissed as frivolous *Page 304 
on May 21, 1999. Clay then appealed this final denial of post-conviction relief twice and both were denied. Clay then filed a motion for an out of time appeal on January 13, 2000. This motion was granted.
 DISCUSSION OF THE LAW STANDARD OF PROOF
¶ 3. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney's performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss. 1995). This deficiency is assessed by looking at the totality of the circumstances. Id. There is also a strong presumption the attorney's conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id.
¶ 4. The appellant bears the burden of proving that a guilty plea is involuntary, and it must be proven by a preponderance of the evidence. House v. State, 754 So.2d 1147 (¶ 25) (Miss. 1999). When determining whether a guilty plea was voluntarily and intelligently entered, this Court will review the entire record. Id. at (¶ 26).
¶ 5. "When reviewing a lower court's denial of post-conviction relief this Court will not disturb the lower court's factual findings unless they are found to be clearly erroneous." Eldridge v. State,764 So.2d 515 (¶ 8) (Miss. Ct. App. 2000).
¶ 6. The Mississippi Supreme Court has held that "a post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall v. State, 680 So.2d 794
(Miss. 1996). However, this does not mean that every time there are contradictory affidavits a hearing will be held; the contested facts must be material to require a hearing. Wright v. State, 577 So.2d 387, 390 (Miss. 1991).
 ANALYSIS
¶ 7. Before this Court addresses the issues Clay has raised in support of his motion for post-conviction relief, it should be noted that section 99-39-23 (6) of the Mississippi Code, as amended, operates as a bar in this case. This section states that an order dismissing or denying a petitioner's motion for post-conviction relief is a final judgment, shall be conclusive unless reversed, and operates as a bar to a second or successive motion. Miss. Code Ann. § 99-39-23 (6) (Rev. 2000). There are exceptions to this statutory bar and they include (1) motions raising supervening insanity prior to the execution of a sentence of death, (2) cases in which a prisoner can show a supervening decision of the Supreme Court of the State of Mississippi or the United States which adversely affects the petitioner's conviction, (3) cases in which the petitioner has evidence, not reasonably discoverable at trial, which would have been conclusive at trial, causing a different result, and (4) instances where the prisoner claims his sentence has expired or where his probation or parole has been unlawfully revoked. Miss. Code Ann. § 99-39-23 (6) (Rev. 2000). In addition, the Mississippi Supreme Court has held that when it is necessary to protect a fundamental right, the procedural bar may be excepted. Sneed v. State, 722 So.2d 1255, 1257 (Miss. 1998). Since Clay has sought, and been denied, post-conviction relief several times, this statute would bar his raising such a claim here. The statutory exceptions plainly do not apply to Clay's case, and we find none of Clay's fundamental *Page 305 
rights were jeopardized in the lower court's denial of post-conviction relief. Procedural bar aside, we are satisfied Clay would not be entitled to relief on the merits because he fails to prove he was denied effective assistance of counsel, that his guilty plea was not made knowingly, voluntarily and intelligently, and that the trial court erred in dismissing Clay's petition without an evidentiary hearing.
 1. WHETHER CLAY WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE GUILTY PLEA PROCESS?
¶ 8. Clay raises this issue in hopes of proving his attorney failed to explain to him the consequences of pleading guilty. Clay claims he was confused as to how much of his sentence he would be required to spend in jail because of the eighty-five percent law which had just been passed by the legislature in 1995. After a review of the transcript from Clay's plea hearing and sentencing hearing, this Court finds Clay's counsel performed well within the bounds of reasonable, effective counsel as required by Strickland.
¶ 9. As stated above, Clay must prove his counsel's performance fails both prongs of the Strickland test to prove the performance was ineffective. Hiter, 660 So.2d at 965. To meet the first prong, Clay must prove his counsel's performance was deficient. Id. He must also overcome the strong presumption that counsel's performance was reasonable. Id.
Clay fails to do this.
¶ 10. Clay argues that his counsel misinformed him about how many years of his sentence he would have to serve. Clay pled guilty in a plea agreement in which the prosecution recommended a twenty year sentence for pleading guilty to one count of armed robbery. Clay claims his counsel and the judge told him he would only have to serve ten of those twenty years, and it was not until he got to prison that he found out he would have to serve all twenty years. That is simply not true. Clay asked about the eighty-five percent rule, which was under review by the supreme court at the time, because he wanted to know if this rule would apply to him or not. The judge told him he did not know if it would apply because the supreme court had not yet ruled on the issue. The judge also told him he did not know how the parole board handles parole eligibility, but he did know Clay would have to serve at least ten years of his sentence. There is a difference in the judge saying he knew Clay would have to serve at least ten years and saying that Clay would only have to serve ten years. The record is very clear. The judge made very sure Clay knew he would have to serve at least ten years.
¶ 11. It is clear Clay understood he was accepting a plea agreement in which he would be sentenced for twenty years. Clay was told he was pleading guilty to a twenty year sentence and the judge questioned him quite extensively to make sure Clay knew what he was doing. The judge asked him if his attorney had discussed with him what it meant to plead guilty, and Clay stated that he had and that he understood. The judge asked if Clay went over his petition with his counsel, and Clay stated he had. There was nothing deficient about Clay's counsel in this case. Clay's counsel did all of the things reasonable counsel would do in explaining to a client what it meant to plead guilty and in seeing that Clay understood all of this. Clay's claims do not meet the first prong of the Strickland test, and for this reason Clay fails in his attempt to prove ineffective assistance of counsel. For this reason, we affirm.
 2. WHETHER CLAY'S GUILTY PLEA WAS MADE KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY? *Page 306 
¶ 12. In raising this issue, Clay makes the same argument that he did in claiming he received ineffective assistance of counsel. Clay claims he was confused about the amount of time he would have to serve if he plead guilty to the charge against him, and for this reason his guilty plea was not voluntarily and knowingly given. Upon review of the record, we affirm the lower court's holding that Clay's guilty plea was voluntarily and knowingly entered.
¶ 13. The record in this case reveals that the judge went to great lengths to insure Clay understood everything he was doing by pleading guilty. The judge made sure Clay had been over his petition to enter a plea with his attorney, and that Clay's attorney had discussed with him all the things he was giving up. Clay responded he had been over the petition with his attorney and that he understood. The judge then discussed all of the rights Clay was giving up by pleading guilty. Again, Clay responded he understood. No evidence was put on by Clay of any coercion, but Clay did claim he was misled by the judge's statements about how much time Clay would have to serve. When asked by Clay about the eighty-five percent issue, the judge responded he did not know how much of the twenty year sentence Clay would have to serve. This was because the eighty-five percent issue was being reviewed by the Mississippi Supreme Court, and therefore there was no way for the judge to know. The judge knew that Clay would have to serve at the least ten years of his sentence. The judge made it clear to Clay that he was pleading guilty to a crime in which he would be sentenced to serve twenty years. There was no deception here. The judge in this case made quite sure Clay understood what he was doing by pleading guilty, and that is what the preponderance of the evidence proves in this case. Therefore, this Court finds Clay's guilty plea was knowingly and voluntarily entered, and for this reason we affirm.
 3. WHETHER THE TRIAL COURT ERRED IN DISMISSING CLAY'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING?
¶ 14. In raising this issue for appeal, Clay states he raised two issues in his post-conviction petition: ineffective assistance of counsel and the voluntariness of his guilty plea. As stated earlier, Clay fails in proving both of these contentions. As stated above, "[a] post-conviction collateral relief petition which meets basic requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." Marshall, 680 So.2d at 794. We do not think Clay can prove a set of facts which would entitle him to relief using these two claims. As stated in the earlier issues, Clay fails to prove ineffective assistance of counsel and also fails to prove his guilty plea was involuntarily given. Therefore, there was no error in the trial court's denial of an evidentiary hearing. In addition, "[w]hen reviewing a lower court's denial of post-conviction relief this Court will not disturb the lower court's factual findings unless they are found to be clearly erroneous". Eldridge, 764 So.2d at (¶ 8). The findings of the trial court were not erroneous; they were soundly supported by the record. For these reasons, this Court affirms the lower court's denial of post-conviction relief. *Page 307 
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TOLOWNDES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., PAYNE, THOMAS, LEE,IRVING, MYERS AND CHANDLER, JJ., CONCUR.