¶ 1. Reginald Bernard Reed appeals the decision of the Tate County Circuit Court convicting him of burglary of an automobile. Reed raises the following issue in his appeal: whether the evidence presented at trial was sufficient to establish the crime of burglary and whether the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm.
 FACTS ¶ 2. Reed was convicted by the Tate County Circuit Court for burglary of an automobile and sentenced to a term of five years with four and one-half years suspended in the custody of the Mississippi Department of Corrections. Reed was acting as a lookout while Lashon Boyd entered a Jeep in a car lot and removed an amplifier. Reed was indicted for grand larceny, conspiracy, and burglary of an automobile. Reed waived his right to a trial by jury and opted for a bench trial. The arresting officer testified for the State and placed Reed at the crime scene. Additionally, Reed's handwritten statement admitting his presence as a lookout during the crime was entered into evidence. At the close of evidence, the trial judge granted *Page 181 
the motion for directed verdicts on the grand larceny and conspiracy charges, but he found the evidence sufficient for the burglary charge. Feeling aggrieved, Reed perfects this appeal.
 STANDARD OF REVIEW ¶ 3. The Mississippi Supreme Court has stated that: "[f]or review of the findings of a trial judge sitting without a jury, this Court will reverse `only where the findings of the trial judge are manifestly erroneous or clearly wrong.'" Amerson v. State,648 So.2d 58, 60 (Miss. 1994). The trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial. Rice Researchers, Inc. v. Hiter,512 So.2d 1259, 1265 (Miss. 1987). An appellate court will affirm a trial court sitting without a jury on a question of fact unless, based on substantial evidence, the trial court was manifestly wrong. Brown v. Williams, 504 So.2d 1188, 1192 (Miss. 1987). This Court's scope of review is limited to the same examination as that of the trial court in reviewing the motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. Blanks v. State, 542 So.2d 222,225-26 (Miss. 1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty.McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
 DISCUSSION
WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TOESTABLISH THE CRIME OF BURGLARY AND WHETHER THE VERDICT WASAGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
 ¶ 4. A challenge to the sufficiency of the evidence requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. May v. State, 460 So.2d 778, 781 (Miss. 1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict and JNOV. Id. If he concludes that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. Id.
 ¶ 5. In the case sub judice, legally sufficient evidence existed to find Reed guilty of burglary beyond a reasonable doubt. The State made out its prima facie case by showing that Reed acted as a lookout for Boyd who was removing the amplifier. Furthermore, the judge heard testimony from the police officer who arrested and questioned Reed and who examined the crime scene. Additionally, the State submitted as evidence Reed's handwritten statement admitting his presence as a lookout during the commission of the burglary. Although Reed did not renew his motion at the end of all evidence, the trial judge made a finding on the record that the evidence was sufficient:
 The testimony is clear that this incident happened after midnight, which is put in the early hours somewhere between 1:00 and 2:00 o'clock. The testimony shows that this was the second car lot that these Defendants had observed that night. The testimony shows that the car was parked in what apparently is kind of a hidden place somewhere near the Prestige Auto lot. The logical inference from that is they didn't want the car to be seen.
 The testimony is that this Defendant and the co-defendant walked to the Pretige Auto lot. That the Jeep was picked out, apparently by Boyd. The only logical inference I can draw from the testimony and the statements given, particularly the statements given right after *Page 182 
the crime, is that Reed was to be the lookout man, Boyd was to go into the Jeep, which he did, unfastened the amplifier, started out with it, and they started leaving the parking lot when they saw the police. The foot race started and they got caught.
 To me it's a classic case where "I'll go in the car, I'll steal the product, you watch out for me while I'm in there." Maybe the magic words weren't used but applying just good common sense and logic to what I've heard, the demeanor and attitude of the witnesses, it's the only conclusion that I can reach.
(T. 56-57).
 ¶ 6. Since the State put forth sufficient, credible evidence, the trial judge, sitting as the sole trier of fact, was able to determine that Reed was guilty of burglary of an automobile but not guilty of grand larceny or conspiracy. Therefore, we affirm the trial judge's denial of the motion for a directed verdict with respect to the burglary charge. No evidence exists that the trial judge utilized an erroneous legal standard in making his determinations; therefore, we defer to the trial judge's decision with regard his rulings during this bench trial. Accordingly, this assignment of error is without merit.
 ¶ 7. THE JUDGMENT OF THE TATE COUNTY CIRCUIT COURT OF CONVICTION OFBURGLARY AND SENTENCE OF FIVE YEARS TO SERVE IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR AND ONE-HALF YEARSSUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOTATE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE,PAYNE, AND THOMAS, JJ., CONCUR.
 MOORE, J., NOT PARTICIPATING.