CHANDLER, J.,
for the Court:
¶ 1. Norman Robinson appeals a judgment finding him guilty of two counts of domestic violence for which he was assessed a fine of $250 on each count and court costs in addition to a bond fee. He asserts that the State failed to prove an essential element of the crime of domestic violence and that there was insufficient evidence to support a domestic violence or a simple assault conviction. We reverse the trial court’s judgment of two counts of domestic violence, instructing the lower court to enter a judgment finding Robinson guilty of the lesser-included offense of simple assault and to sentence Robinson on those charges.
FACTS
¶ 2. Norman Robinson and his adult daughter, Alisa Mclnnis, engaged in an argument on a hot July afternoon. When Alisa addressed her father as “Satan” and “rebuked” him as such, Robinson shoved her and began slapping Alisa on her head. Alisa fell and Robinson grabbed her hair and pulled her off the ground. Alisa’s mother, Joyce Robinson, heard the commotion and went out to the porch where Robinson and Alisa’s quarrel was in full swing. Joyce witnessed Robinson slap Alisa and heard him say he was going to kill Alisa. When Robinson pulled Alisa off the ground by her hair, Joyce grabbed Robinson’s arm. Robinson then threatened to kill both of them. Robinson entered the house declaring that he was going to kill Alisa and Joyce. As he entered the house, Alisa and Joyce ran toward Alisa’s car.
¶ 3. Alisa entered the driver’s side of the car and locked her door. As Joyce was getting into the passenger’s side of the vehicle, Robinson exited the house holding an object in both hands which was covered by a rag. He placed the object on top of Alisa’s car, grabbed the driver’s side door *295 handle, and began shaking the car. Alisa and Joyce drove away. When Joyce later arrived home to get some clothes, she looked under the bed where Robinson customarily kept a 9mm pistol. The pistol was not in its usual location.
¶ 4. Alisa and Joyce each charged Robinson with domestic violence and simple assault. At that time, Alisa did not reside in the family home with Robinson and Joyce. Until the day of the assault, Joyce had lived with Robinson for thirty-two years. The two separated after the altercation and had not reconciled at the time of the trial.
¶ 5. The justice court judge found Robinson guilty on two counts of domestic violence. Robinson appealed to the Clarke County Circuit Court and a trial ensued, de novo. The circuit court, sitting without a jury, also found Robinson guilty on both counts of domestic violence. Robinson appeals the convictions on two grounds: (1) the State failed to prove an essential element of domestic violence and (2) there was insufficient evidence to support a domestic violence or simple assault conviction.
LAW AND ANALYSIS
I. DID THE STATE FAIL TO CHARGE AND PROVE AN ESSENTIAL ELEMENT OF DOMESTIC VIOLENCE?
¶ 6. A person is guilty of domestic violence if he or she commits simple assault upon “a family or household member who resides with the defendant or who formerly resided with the defendant, [or] a current or former spouse.” Miss.Code Ann. § 97-3-7(3) (Rev.2000). The code defines simple assault as follows:
A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm....
Miss.Code Ann. § 97-3-7(1) (Rev.2000).
¶ 7. The State concedes that the affidavits did not charge an essential element of domestic violence. Specifically, Joyce’s affidavit failed to state that she resided with Robinson or that she was married to Robinson. Alisa’s affidavit did not recite that Alisa resided with Robinson at the time of the altercation.
¶ 8. Robinson argues that his convictions for domestic violence must be reversed. The State concedes that the affidavits did not successfully charge Robinson with domestic violence, but argues that there was enough evidence to find Robinson guilty of the lesser-included offense of simple assault.
¶ 9. The affidavits charged Robinson with both domestic violence and simple assault. If there is sufficient evidence to support convictions on simple assault charges, this Court should reverse the domestic violence convictions and remand to the trial court for sentencing on simple assault pursuant to the “direct remand rule.” Shields v. State, 722 So.2d 584 (¶ 7) (Miss.1998). In Shields the Mississippi Supreme Court ruled: “when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense.” Id. The direct remand rule allows remand for sentencing on lesser-included offenses because “guilt of a true lesser included offense is implicitly *296 found in the jury’s verdict of guilt on the greater offense.” Id.
¶ 10. In the present case the affidavits failed to properly charge all of the elements of domestic violence. However, the affidavits properly charged all of the elements of simple assault and there was substantial evidence proving that Robinson committed these crimes.
¶ 11. We reverse Robinson’s domestic violence convictions on the basis of the infirm affidavits. We remand the matter to the lower court for sentencing on the convictions of simple assault.
II. WAS THE EVIDENCE SUFFICIENT TO SUPPORT A DOMESTIC VIOLENCE OR SIMPLE ASSAULT CONVICTION?
¶ 12. The standard of review for determining whether the evidence is legally sufficient to sustain a conviction in a case tried without a jury is the same as the standard of reviewing a denial of a motion for a judgment notwithstanding the verdict. This Court may only reverse “where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty.” Reed v. State, 749 So.2d 179 (Miss.Ct.App.1999).
¶ 13. Robinson argues that there was absolutely no evidence that he threatened Alisa and Joyce with a gun. Because neither victim saw a gun, he maintains that he could not have put Alisa or Joyce in fear of imminent bodily harm. Further, Robinson contends it was error for the trial court to find him guilty on both counts because all of the elements of the crime were not present.
¶ 14. As indicated in the simple assault statute, simple assault can be committed in three ways. One way is to actually cause bodily injury to another. Alisa alleged in her affidavit that Robinson was guilty of domestic violence and simple assault against her because he actually caused her bodily injury. Alisa’s and Joyce’s testimony that Robinson slapped Alisa and pulled her off the ground by the hair was sufficient to sustain a conviction of simple assault against Alisa. Whether Alisa suspected that Robinson had a gun is irrelevant to Robinson’s guilt of simple assault against Alisa.
¶ 15. Joyce’s affidavit charged that Robinson put her in fear of imminent serious bodily harm. Her testimony, corroborated by Alisa’s testimony, was that Robinson repeatedly threatened to kill her and Alisa and then he entered the house. Joyce testified that Robinson kept a number of guns and rifles in the house. When she saw Robinson exit the house wielding an object covered by the rag, she thought it was a gun and feared for her life and safety.
¶ 16. Viewing this evidence in the light most favorable to the State, which this Court is required to do under Reed, a reasonable fact finder could find that Joyce Robinson was put in imminent fear of her life by the numerous threats to her life, entering their home, then immediately exiting with a covered object in his hands, and approaching Alisa’s vehicle with the object and attempting to open the door to the vehicle. As such, the simple assault element that the victim be put in “fear of imminent serious bodily harm” was met.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THE OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *297 THOMAS, LEE, IRVING AND MYERS, JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.