# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01024-COA

KYLE MILLIE PLATT A/K/A KYLE M. PLATT        APPELLANT
A/K/A KYLE MILLE PLATT A/K/A KYLE
PLATT A/K/A KYLE MILLE' PLATT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID S. VAN EVERY SR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCED TO FORTY-EIGHT HOURS, WITH FORTY-EIGHT HOURS SUSPENDED |
| DISPOSITION: | AFFIRMED – 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND CARLTON, JJ.**

**IRVING, P.J., FOR THE COURT**:

¶1. Kyle Platt was charged with driving under the influence, and the Madison County Justice Court found him guilty of common law DUI pursuant to Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013). Platt appealed to the County Court of Madison County. During trial, after Platt's blood test results were admitted into evidence, the county court

granted the State's ore tenus motion to amend Platt's charges to include per se DUI pursuant to Mississippi Code Annotated section 63-11-30(1)(c) (Rev. 2013). The county court found Platt guilty of common law DUI. Platt appealed to the Madison County Circuit Court, which affirmed the judgment of the county court. Platt now appeals the judgment of the circuit court, arguing that (1) the evidence was insufficient to support his conviction; (2) the county court erred by finding that there was probable cause for the stop; (3) the county court erred by admitting the blood test results; and (4) the county court erred by amending the charges.

¶2. Finding no error, we affirm.

FACTS

¶3. On November 3, 2009, Mark Sandridge, a deputy sheriff of Madison County, arrested Platt for DUI after stopping Platt for driving with an expired tag.[1] Before arresting Platt, Deputy Sandridge administered several field sobriety tests, including two portable breath tests (PBT) that yielded positive results. Deputy Sandridge also administered the horizontal-gaze-nystagmus (HGN) test, the walk-and-turn test, and the one-leg-stand test. Platt failed the HGN test and the walk-and-turn test, although he successfully passed the one-leg-stand test.

¶4. Following the arrest, Deputy Sandridge transported Platt to the Madison County Detention Center (MCDC), where nurse Mildred Taylor collected a blood sample from Platt to determine Platt's blood-alcohol-concentration (BAC) level. Taylor cleaned Platt's arm

---

[1] Platt was ticketed for the expired-tag offense, although the charge was later dismissed on motion by the State.

with an alcohol swab prior to collecting the blood sample. The blood test revealed a BAC level of nine one-hundredths percent (.09%).

¶5. Following several continuances, on February 9, 2012, the justice court found Platt guilty of common law DUI. Platt appealed, and the case proceeded to trial de novo in the county court. During trial, Deputy Sandridge testified that he was traveling southbound on Old Canton Road in Ridgeland, Mississippi, when he observed Platt, who was traveling ahead of him on Old Canton Road, abruptly merge into a left-turn lane and then make a left turn into a Kangaroo Crossings convenience store. According to Deputy Sandridge, when Platt's vehicle made the abrupt left into the turn lane, he noticed Platt's expired tag, and this caused him to initiate a traffic stop. Deputy Sandridge parked behind Platt's vehicle in the store's parking lot and exited his patrol car to speak with Platt, who was attempting to enter the store. Deputy Sandridge testified that while speaking with Platt, he smelled a strong odor of alcohol on Platt's breath and that Platt informed him that Platt had consumed alcoholic beverages about an hour prior to being stopped. According to Deputy Sandridge, during the stop, he noticed that Platt's reflexes seemed "depressed and sluggish[,] [and] [h]is speech was mumbled and slurred." Deputy Sandridge testified that Platt admitted that he had been driving with an expired tag. Deputy Sandridge also testified that after he stopped Platt, he noticed a half-empty, open beer container in Platt's vehicle.

¶6. During the State's case, the State introduced evidence of Platt's blood test results through the testimony of Emily J. Harper, who analyzed Platt's blood sample and prepared the report of the results of her analysis. The report was admitted into evidence. On cross-

3

examination by Platt's counsel, Harper testified that she had no independent knowledge regarding the calibration of the machine used to test Platt's blood sample and that she was sure that there was a certificate of calibration showing the date of the last calibration, although she was unable to produce that document at trial.

¶7.     Before resting its case, the State made an ore tenus motion, based on the blood test results, to amend the charges against Platt to include per se DUI. Platt objected to the amendment on jurisdictional grounds, arguing that the motion to amend came too late because the State had completed the presentation of its evidence before moving to amend. The county court granted the State's motion, finding that the amendment would neither enhance Platt's charges nor prejudice Platt's defense. However, before granting the motion, the county court gave Platt the option of continuing the case in order to prepare his defense, and Platt declined.

¶8.     After the State rested its case, Platt testified in his own defense. He testified that he was traveling northbound on Old Canton Road prior to making an initial right turn followed by a second right turn into the store parking lot. Platt stated that he did not see Deputy Sandridge's patrol car until Platt was opening the door to enter the store. Platt also stated that he had no knowledge of an open beer container being in his vehicle. Platt indicated that he believed the alcohol from the swab applied by Taylor mixed in with his blood sample, resulting in an increased BAC level. Platt adduced testimony from Kirk Rosenhan, an expert in the field of DUI. Rosenhan testified that the swab may have contaminated Platt's blood sample and may have led to inaccurate results.

4

¶9. At the conclusion of the evidence, the county court found Platt guilty of common law DUI only. Platt appealed to the Madison County Circuit Court, which affirmed.

DISCUSSION

I. *Sufficiency of the Evidence*

¶10. A person is guilty of common law DUI if he "drive[s] or otherwise operate[s] a vehicle . . . under the influence of intoxicating liquor." Miss. Code Ann. § 63-11-30(1)(a). In *Robinson v. State*, 794 So. 2d 293, 296 (¶12) (Miss. Ct. App. 2001) (quoting *Reed v. State,* 749 So. 2d 179, 181 (¶3) (Miss. Ct. App. 1999)), this Court stated:

> The standard of review for determining whether the evidence is legally sufficient to sustain a conviction in a case tried without a jury is the same as the standard of reviewing a denial of a motion for a judgment notwithstanding the verdict. This Court may only reverse "where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty."

This court is required to view the evidence in the light most favorable to the prosecution. *Id*. at (¶16).

¶11. In this case, Deputy Sandridge testified that he noticed Platt's expired tag when Platt abruptly merged into a left-turn lane and then turned into the parking lot of a convenience store. Platt admitted that he had consumed alcoholic beverages about an hour prior to being stopped and that he had been driving with an expired tag. As stated, Platt had no explanation for the open beer container found in his vehicle on the night he was arrested. Additionally, Platt acknowledges that the only field sobriety test he passed was the one-leg-stand test, although he insists that passing the one-leg-stand test is evidence that he was not driving

under the influence of alcohol. As noted, Deputy Sandridge testified that Platt's speech was slurred and that Platt swayed back and forth as he and Platt conversed in the store's parking lot. After reviewing the record, we find that the evidence was sufficient to sustain Platt's DUI conviction. This issue is without merit.

II.     *Probable Cause*

¶12.    "'Determinations of reasonable suspicion and probable cause should be reviewed de novo.' While we review the lower court's legal conclusions regarding probable cause de novo, we 'must accept the fact[-]findings that led the lower court to that legal conclusion unless there is clear error in those fact[-]findings.'" *Martin v. State*, 43 So. 3d 533, 534 (¶4) (Miss. Ct. App. 2010) (citations omitted). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Mosley v. State*, 89 So. 3d 41, 46 (¶14) (Miss. Ct. App. 2011) (quoting *Whren v. United States*, 517 U.S. 806, 810 (1996)).

¶13.    Here, Deputy Sandridge testified that he noticed Platt's expired tag when Platt abruptly merged into a left-turn lane and then turned into the store's parking lot. Deputy Sandridge stated that this observation caused him to stop Platt. On appeal, Platt argues that Deputy Sandridge lacked probable cause to stop him because Deputy Sandridge was traveling northbound on Old Canton Road while he was traveling southbound. Platt insists that it was impossible for Deputy Sandridge to have seen his expired tag because he and Deputy Sandridge were traveling in opposite directions. However, this argument belies Platt's own admission, made during the traffic stop as well as during trial in the county court,

6

that he was driving with an expired tag on the night he was arrested for DUI. Moreover, when the evidence is conflicting, it is the providence of the fact-finder to resolve the conflict. *See Langston v. State*, 791 So. 2d 273, 280 (¶14) (Miss. Ct. App. 2001) (citing *Billiot v. State*, 454 So. 2d 445, 463 (Miss. 1984)). Here the conflicting evidence was resolved against Platt. This issue is without merit.

   III.  *Blood Test Results*

¶14. "The standard of review for admission of evidence is abuse of discretion." *Debrow v. State*, 972 So. 2d 550, 552 (¶6) (Miss. 2007) (citing *Smith v. State*, 839 So. 2d 489, 494 (¶6) (Miss. 2003)). "[R]eversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs." *Wash v. State*, 790 So. 2d 856, 858 (¶5) (Miss. Ct. App. 2001) (quoting *Sturdivant v. State*, 745 So. 2d 240, 243 (¶10) (Miss. 1999)).

¶15. Platt argues that the county court erred by admitting the blood test results because there was uncontradicted, uncontested evidence that the blood sample used to test his BAC level was contaminated. Platt asks us to find that "a reasonable doubt and more has been raised about the validity and trustworthiness of the blood test results considering the contamination of the blood." In response, the State argues that Platt failed to object to the admissibility or reliability of the blood test results during trial, and that Platt is, therefore, procedurally barred from raising this issue on appeal. Additionally, the State points out that Platt also failed to object to the State's failure to present Taylor at trial.

¶16. The record reveals that Platt lodged a "continuing objection" to the blood test results on the ground that the evidence at trial did not show that the machine used to test his blood

had been properly calibrated. At trial Platt objected to admission of the blood test results on the basis that the machine used to analyze the blood sample allegedly had not been calibrated. On appeal, he argues that admission was improper because the sample was allegedly contaminated. It is well-settled law that one cannot offer and argue on appeal a different basis than what was offered at trial in objecting to admission of evidence. *Ratcliff v. State*, 906 So. 2d 133, 137 (¶11) (Miss. Ct. App. 2004) (citation omitted). That is exactly what Platt is attempting to do with his argument on appeal that the trial court erred by admitting the results of the blood sample because of overwhelming evidence of its contamination. Therefore, we agree with the State that he is procedurally barred from raising this issue on appeal. Procedural bar notwithstanding, we do not find that the county court abused its discretion in admitting the blood test results. There was ample evidence that the sample was not contaminated and that the machine used to analyze the blood sample had been properly calibrated. This issue is without merit.

### IV. Amendment

¶17. As previously indicated, section 63-11-30(1)(a) makes it "unlawful for any person to drive or otherwise operate a vehicle . . . under the influence of intoxicating liquor." Section 63-11-30(1)(c) makes it "unlawful for any person to drive or otherwise operate a vehicle. [with] an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age."

¶18. In a case cited extensively by Platt, *Young v. City of Brookhaven*, 693 So. 2d 1355, 1357 (Miss. 1997), the State prosecuted a defendant for both common law DUI (under

section 63-11-30(1)(a)) and per se DUI (under section 63-11-30(1)(c)). *Id*. The defendant was convicted of DUI and he appealed, arguing that the State's prosecution under both subsections prejudiced his defense. *Id*. There, after extensive analysis, our supreme court found no merit in the defendant's argument and held that "[section] 63-11-30 merely sets forth numerous methods of committing the same crime." *Id*. at 1358.

¶19. In *Watts v. State,* 828 So. 2d 835, 842 (¶19) (Miss. Ct. App. 2002), this court stated, "[An amendment] is permissible if it does not materially alter facts which are the essence of the offense . . . as . . . originally [charged] or materially alter a defense to [a charge] as it originally stood so as to prejudice the defendant's case."

¶20. On appeal, Platt argues that "[o]ne would assume that on an appeal of the common law conviction, being a trial de novo, there would only be a retrial of the [j]ustice [c]ourt's trial pursuant to the common law[-]DUI charge." He insists that to allow the county court to amend the charges "would be a return to a trial by ambush." In response, the State argues that there is no distinction between common law DUI and per se DUI that would support Platt's argument that he received an unfair trial. The State also argues that this issue is moot because the county court did not find Platt guilty of per se DUI. We agree.

¶21. The county court allowed the charges to be amended to reflect the evidence presented during trial, and the amendment did not materially alter the charges made against Platt or the essence of the offense that Platt was charged with. Although Platt argues that his defense was prejudiced because he was not given an opportunity to "attack[ ] the machine, [and present] possible expert testimony on issues of science as compared to common law DUI,"

the record shows otherwise. During trial, Platt adduced testimony from Harper regarding the certification of the machine used to test his blood. Furthermore, Platt adduced testimony, through Rosenhan, in an attempt to contradict the blood test results. Additionally, although given an opportunity to do so, Platt declined to accept the court's offer to continue the trial to allow him time to prepare any additional defense he may have deemed necessary as a result of the amendment. This issue is without merit. Accordingly, we affirm.

¶22. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS, WITH FORTY-EIGHT HOURS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**