# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-00147-SCT

*WAYNE HARRIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/19/2001 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | CALHOUN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANTHONY L. FARESE |
| | DAVID LEE ROBINSON |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McRORY |
| DISTRICT ATTORNEY: | JAMES M. HOOD, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 02/07/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/28/2002 |

### BEFORE SMITH, P.J., COBB AND DIAZ, JJ.

### DIAZ, JUSTICE, FOR THE COURT:

¶1. Wayne Harris was indicted on the charge of selling more than one ounce of marijuana to a state agent for $1200.00 on June 22, 2000. Harris filed a waiver of arraignment and entered a plea of not guilty on July 10, 2000. Discovery information was filed by the State consisting of "Exhibit A" - one microcassette tape recording of a telephone conversation between CI-98-179 and Harris. An order was filed on August 25, 2000, setting the trial date for Harris on January 9, 2001. On October 2, 2000, Harris's attorney filed a motion for release of telephone records for February, March and April of 1999 of the Confidential Informant who allegedly purchased the marijuana from Harris.

¶2. An agreed motion for production of telephone records was filed on November 2, 2000, by Harris's attorney and the District Attorney, requesting the trial court to order Bell South to produce the requested telephone records and records of "any calls made from Mississippi Bureau of Narcotics offices."

¶3. A pretrial hearing was held on January 8, 2001, where Harris made a motion to dismiss. Harris asserted that he had been entrapped into making the drug sale, claiming that the confidential informant had made approximately fifteen phone calls to him in the attempt to induce him into selling drugs. The confidential informant corroborated Harris's claim that he had made about fifteen phone calls to Harris. Harris also complained that the State had not provided him with any of the tapes of the recorded conversations between the confidential informant and Harris and that he also had not received the requested phone

records. The trial judge denied Harris's motion to dismiss finding, "Your motion to dismiss will be denied, and we'll take up this discovery thing as we run into it."

¶4. The next morning, Harris filed his petition to enter a plea of guilty, which was accepted and sentencing was deferred until January 19, 2001. The plea hearing was held on January 9, 2001.

¶5. On January 17, 2001, Harris filed a motion to withdraw guilty plea alleging that (1) the State had failed to turn over all discovery to the defense, (2) the requested telephone records had not been produced, (3) his motion for continuance had been improperly denied, and (4) he had pled guilty under the erroneous advice of his attorney that he would be able to withdraw his plea before sentencing. Harris's attorney testified at this hearing that he did indeed advise Harris that he would be able to withdraw his plea of guilty any time before sentencing.

¶6. On January 19, 2001, an order allowing substitution of counsel was entered allowing Harris's attorney to withdraw and Anthony L. Farese to be substituted as Harris's attorney. The same day, a hearing on the motion to withdraw the guilty plea was held. The trial judge denied the motion finding "a complete absence of any showing at all that would require this court to set aside a plea of guilty." Harris was then sentenced to twenty years imprisonment, with five years suspended. Harris moved for post-conviction bail and was denied. On January 24, 2001, Harris filed a timely appeal to this Court citing the following issue:

## I. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION IN REFUSING TO ALLOW HARRIS TO WITHDRAW HIS PLEA OF GUILTY.

## LEGAL ANALYSIS

## I. WHETHER THE TRIAL JUDGE ABUSED HIS DISCRETION IN REFUSING TO ALLOW HARRIS TO WITHDRAW HIS PLEA OF GUILTY.

¶7. Harris argues that his plea of guilty was not voluntary because he received ineffective assistance of counsel. In so arguing, Harris asserts that his attorney erroneously informed him that he could enter a plea of guilty, continue to conduct an investigation into his case, then withdraw his plea of guilty any time before he was sentenced-which would probably be 60 to 90 days after the plea hearing. Harris's attorney, Mike Wall, admitted to giving Harris this advice under oath at the post-sentence investigation hearing.

¶8. The record discloses that the trial judge questioned Harris about his understanding of the effect of his guilty plea as follows:

> Court: Now, do you understand that if the court accepts your plea of guilty, it will have accepted it on the basis that you are, in fact, guilty and for no other reason? In other words, if the court accepts your plea of guilty, it will accept it and treat it and it will be treated by the other courts of this state just the same as if a jury had been duly and legally selected, empaneled, and sworn to try your case, heard the case, gone out under the proper instructions of the court, deliberated, come back in open court and announced that they had found you guilty? Now, do you understand that?

> Harris: Yes, your honor.

> * * *

Court: Have you been made aware of and do you understand the minimum and the maximum sentence that you could receive for this crime?

Harris: Yes, your Honor.

Court: **Now, has anybody made any promises to you, held out any offers of reward to you, done anything in any way to induce you or get you to plead guilty?**

Harris: **No, your Honor.**

Court: **Has anybody done anything in any way to force you or make you or coerce you into pleading guilty?**

Harris: **No, your Honor.**

Court: Are you telling me then that you're offering your plea of guilty of your own free, voluntary will and accord; and that you're doing so knowingly because you are guilty and for no other reason?

Harris: Yes, your Honor.

(emphasis added). At the hearing on Harris's motion to withdraw his guilty plea, Harris testified as follows:

Court: Okay, Mr. Harris, you remember when you pled last week here.

Harris: Yes, sir.

Court: In open court.

Harris: Yes, sir.

Court: You were under oath before Judge Coleman.

Harris: Yes, sir.

Court: And he informed you that if you were going to enter this plea of guilty, that there wouldn't be any appeal; that you were waiving that right. Didn't you hear him say that?

Harris: To a certain extent.

Court: As a matter of fact under oath you said that you understood that. Is that not correct?

Harris: Yes, I did.

Court: All right, and you heard the judge at that time tell you that sentencing would be today, right?

Harris: Yes, sir.

Court: And you didn't stop and say, Whoa Judge. My lawyer lied to me. He told me I would have 60 to 90 days before sentencing. You didn't do that, did you?

Harris: I hesitated and thought about it, but I didn't know whether to interrupt the Court.

Court: You didn't do it, did you?

Harris: No, sir, I did not.

*1. Voluntariness*

¶9. U.R.C.C.C. 8.04(A)(5) provides that "[i]t is within the discretion of the court to permit or deny a motion for the withdrawal of a guilty plea." If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered "voluntary and intelligent." ***Alexander v. State***, 605 So.2d 1170, 1172 (Miss.1992). Furthermore, "Solemn declarations in open court carry a strong presumption of verity."***Baker v. State***, 358 So.2d 401, 403 (Miss.1978). In ***Roland v. State***, 666 So.2d 747, 750 (Miss.1995), this Court held that when the trial court questions the defendant and explains his rights and the effects and consequences of the plea on the record, the plea is rendered voluntary despite advice given to the defendant by his attorney. ***Id. See Smith v. State***, 636 So.2d 1220, 1225 (Miss.1994).

*2. Ineffective assistance of counsel.*

¶10. Another ground for reversal of a guilty plea is ineffective assistance of counsel. Claims of ineffective assistance of counsel are judged by the standard in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in ***Strickland*** is whether counsel's performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that "our confidence in the correctness of the outcome is undermined." ***Neal v. State***, 525 So.2d 1279, 1281 (Miss.1987). This standard is also applicable to a guilty plea. ***Schmitt v. State***, 560 So.2d 148, 154 (Miss.1990). A strong but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance."***McQuarter v. State***, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that "but for" the deficiency a different result would have occurred. ***Strickland***, 466 U.S. at 694, 104 S.Ct. 2052.

¶11. Harris's contention that his attorney falsely told him that he would be able to withdraw his guilty plea at any time before he was sentenced is grounds for showing deficient assistance, thus satisfying the first prong of ***Strickland***. Even so, to satisfy the second prong of ***Strickland***, Harris must show that he relied on that advice to the point that the outcome of the case was changed. In other words, Harris must show that he would have never pled guilty if he had known that he would not be able to withdraw the plea before sentencing.

¶12. We find that Harris passes the "but for" test or, that he has shown that he would not have pled guilty if his attorney had not given him the erroneous advice.

¶13. Typically, the trial court's questioning would be enough to support a finding of voluntariness under ***Roland***. Here, however, we have an atypical case. Harris admitted he sold the drugs, but he also asserted the defense of entrapment. He did not lie to the Court about his guilt. Harris's attorney testified that Harris was misinformed of his rights. That misinformation was not directly contradicted by the trial judge at the plea hearing. Ideally, Harris would have informed the trial court of his attorney's advice at the plea hearing, but, being a lay person, he was justifiably confused. Furthermore, we take into account the fact that Harris tried to correct his mistake by making a motion to withdraw his guilty plea a mere eight days after the plea hearing.

## CONCLUSION

¶14. In light of the troubling facts of this case, we find that Harris did receive ineffective assistance of counsel and that his plea was not voluntary. Therefore, the judgment of the Calhoun County Circuit Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED**.

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**