LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 17, 2006, Dale Laren Thompson pled guilty in the Leake County Circuit Court to Count I possession of precursor chemicals with intent to manufacture methamphetamine, Count II possession of methamphetamine, and Count IV possession of a firearm by a previously convicted felon. The trial court granted the State’s ore tenus motion to nolle prose-qui Count III of the indictment. Thompson was sentenced to five years on Count I, three years on Count II, and one year on Count TV, the sentences in each count to be served consecutively for a total of nine years in the Mississippi Department of Corrections. He was also ordered to pay a $1,500 fine plus court costs.
¶ 2. On May 3, 2006, Thompson filed a motion to withdraw his guilty plea or, in the alternative, motion to vacate and set aside bis conviction and sentence on post-conviction relief. The motion centered around a claim of ineffective assistance of counsel but also alleged a defective search warrant, insufficient evidence, and failure of the trial court to inform him of the maximum and minimum sentence for each charge. Finding that Thompson was not entitled to relief, the trial court denied the motion on June 5, 2006.
¶ 3. Thompson now appeals to this Court citing the following issues: (1) the trial court erred in accepting his guilty plea to an invalid and illegal search warrant when he was not renting or leasing the property, was not paying the electrical services, and did not have exclusive dominion and control over the property or deer cabin of Glen Neely; (2) his trial counsel’s failure to inform him of the speedy trial bar to prosecution constituted ineffective assistance of counsel; (3) the trial court erred in failing to advise him of the mandatory minimum sentence provided by law in violation of URCCC 8.04(A)(4)(b); and (4) ineffective assistance of counsel. Issues two and four will be discussed together since each raises the same argument.
STANDARD OF REVIEW
¶ 4. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). When issues of law are raised the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
DISCUSSION
I. WAS THE SEARCH WARRANT ILLEGALLY OBTAINED?
¶ 5. Thompson argues that the trial court erred in accepting his guilty plea because the search warrant used to obtain the precursors, guns, and methamphetamine from the property was illegally obtained. His theory behind this argument *357 is that the property and deer camp cabin for which the search warrant was issued belonged to and was under the exclusive control of Glen Neely. Thompson asserts that Neely gave him permission to be on the property to replace the motor in Thompson’s vehicle. He asks this Court to take into consideration that he had no means of transportation because he had taken the motor out of his vehicle and no receipts were found that traced the precursors or methamphetamine to Thompson. He also alleges that the guns and other hunting gear belonged to Neely, and Thompson only signed the release for these items because he was threatened by the district attorney.
¶ 6. Despite all Thompson’s assertions that he was not in possession of the property seized, Thompson entered a guilty plea and is now proeedurally barred from challenging the sufficiency of the search warrant. A criminal defendant who pleads guilty “is not entitled to relief since he waived his right to challenge the State’s evidence by entering a valid guilty plea.” Thornhill v. State, 919 So.2d 238, 241(¶ 16) (Miss.Ct.App.2005). “A valid plea waives the defendant’s right to make certain constitutional challenges, including those under the Fourth Amendment.” Id.
¶ 7. Thompson waived his right to challenge the search warrant when he pled guilty. We find this issue without merit.
II. WAS THOMPSON DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶8. Thompson asserts three main reasons why his counsel was ineffective. First, he argues that his counsel failed to inform him of the speedy trial bar to prosecution. Second, he argues that the only reason he pled guilty was because he was misled by his counsel. Specifically, he states that his counsel told him that if he proceeded to a jury trial he could be sentenced to one hundred fifty-eight years in prison and ordered to pay a $2 million fine. Third, he argues that his counsel was ineffective for allowing him to plead guilty in light of a defective search warrant.
¶ 9. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “ ‘our confidence in the correctness of the outcome is undermined.’ ” Harris v. State, 806 So.2d 1127, 1130(¶ 10) (Miss.2002) (citing Neal v. State, 525 So.2d 1279, 1281 (Miss.1987)). We cannot find that Thompson’s counsel’s performance was deficient, and, therefore, the first prong of Strickland is not met. Thompson stated at his plea hearing that his attorney did a good job and fully investigated all counts against him. Thompson also stated in open court under oath that his guilty plea was given voluntarily and intelligently. If a defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered voluntary and intelligent. Harris, 806 So.2d at 1130(¶ 9). Furthermore, “[sjolemn declarations in open court carry a strong presumption of verity.” Id. (citing Baker v. State, 358 So.2d 401, 403 (Miss.1978)). Thompson has not shown any evidence that his attorney’s performance was deficient nor has he shown any resulting prejudice.
¶ 10. This issue is without merit.
III. DID THE TRIAL COURT FAIL TO ADVISE THOMPSON OF THE MANDATORY MINIMUM SENTENCE?
¶ 11. Thompson argues that the trial court failed to advise him of the maximum *358 and minimum penalties as required in Uniform Rule of Circuit and County Court 8.04(A)(4)(b), and thus his plea of guilty was invalid. URCCC 8.04(A)(4)(b) states:
When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine: ... That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.
¶ 12. Thompson’s argument is unfounded as the record of the plea hearing clearly shows that Thompson was advised of the maximum and minimum penalties he faced. The following exchange took place between Gill Baker, Thompson’s attorney, and the trial court at Thompson’s plea hearing:
THE COURT: Mr. Baker, each count has a minimum and a maximum sentence, would you recite to the Court what the minimum and the maximum penalty is on counts 1, 2, & 4, please.
MR. BAKER: Count 1, 0 to 30 years, $5,000.00 to a million dollar fine. Count 2, 4 years to 16 years, 0 to $250,000.00 fíne. Count 3,10 years to 30 years, 0 to one million dollar fine. Count 4, 0 to 3 years, 0 to $5,000.00 fine.
THE COURT: And recite into the record counts 1, 2, & 4 is a total of how many years exposure?
MR. BAKER: 49 years, Your Honor.
THE COURT: All right. Do you understand that?
THOMPSON: Yes, sir, I understand.
¶ 13. Thompson argues that URCCC 8.04(A)(4)(b) requires the judge to state the maximum and minimum penalties, and the court did not comply with the rule since his attorney stated the penalties in response to the trial court’s request. Thompson’s argument fails since URCCC 8.04(A)(4)(b) only requires that the trial court address the defendant personally to determine if “the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law.” The trial court asked Thompson if he understood, and Thompson responded in the affirmative. The trial court complied with the rule.
¶ 14. We find this issue without merit.
¶ 15. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.