IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. Tony Ducksworth pleaded guilty in the Jones County Circuit Court to the crime of forcible rape and was sentenced to thirty years in the custody of the Mississippi Department of Corrections, with twenty years to serve and ten years of post-release supervision.
 
 [1]
 
 Shortly after pleading guilty, Ducksworth filed a motion for post-conviction relief (PCR), in which he alleged that he was actually innocent, that his attorney had rendered ineffective assistance of counsel, that his indictment was defective, and that his guilty plea was otherwise invalid. The circuit court denied the motion without an evidentiary hearing. Feeling aggrieved, Ducksworth appeals and argues that the circuit court improperly denied his PCR motion.
 

 ¶ 2. Finding no reversible error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 3. In April 2005, Ducksworth sexually assaulted a thirteen-year-old girl, S.D.
 
 [2]
 
 Ducksworth initially denied having any sexual contact with S.D., but his DNA was recovered from semen deposited inside S.D. during the assault. In his PCR motion, Ducksworth claimed that he had consensual sex with S.D. in exchange for fifty dollars. Ducksworth further claimed that the investigating officer in his case presented false evidence to the grand jury in order to obtain an indictment against him. As support for his contentions, Ducks-worth claimed in his PCR motion that S.D. told his aunt that, in exchange for fifty dollars, he and S.D. had consensual sex. Ducksworth also claimed that his indictment was defective because it cited the incorrect statute.
 

 ¶ 4. As to his attorney, Ducksworth claimed in his PCR motion that his attorney “was ineffective for failing to inform him about the knowledge of the charges and a notice and understanding of the severity of the charges and the severity of the potential punishment.” Ducksworth then claimed that he had only pleaded guilty because his attorney “tricked” him and threatened that Ducksworth would receive a life sentence if he went to trial. Ducksworth also claimed in his PCR mo
 
 *3
 
 tion that his attorney failed to research Ducksworth’s allegation that he had consensual sex with the victim.
 
 [3]
 
 As evidentia-ry support, Ducksworth provided only his own self-serving affidavit. The circuit court reviewed the transcript of Ducks-worth’s guilty plea and found his contentions without merit. It is from that decision that Ducksworth appeals.
 

 ¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 6. Ducksworth raises the same contentions in his appeal that he raised before the circuit court in his PCR motion. We note at the outset that, if valid, Ducks-worth’s guilty plea “admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in [his] indictment....”
 
 Reeder v. State,
 
 783 So.2d 711, 720 (¶ 36) (Miss.2001) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1352 (Miss.1990)). As we will explain in more detail below, Ducksworth’s guilty plea was valid; therefore, any defect in his indictment was waived when he pleaded guilty.
 

 ¶ 7. As to Ducksworth’s actual-innocence claim, there is insufficient evidence in the record to support his contention. When Ducksworth pleaded guilty, he admitted that there was a factual and legal basis that he had committed the crime of forcible rape. When asked whether the facts recited by the prosecutor were correct, Ducksworth agreed and said nothing about the victim consenting to have sex with him. The only evidence of consensual sex came from Ducksworth’s own self-serving affidavit, which is wholly insufficient to support his claim.
 
 [4]
 

 See Gable v. State,
 
 748 So.2d 703, 705-06 (¶ 8) (Miss.1999). The same evidentiary problem exists with regard to Ducksworth’s claim that the investigating officer presented false evidence to the grand jury and withheld exculpatory evidence from the grand jury and the magistrate who issued Ducksworth’s arrest warrant.
 

 ¶ 8. As to Ducksworth’s claim that his counsel was ineffective, we note that the following transpired during Ducks-worth’s guilty-plea colloquy:
 

 [COURT]: Are you satisfied with the lawyer’s representation and advice in this matter?
 

 [DUCKSWORTH]: Yes, sir.
 

 [[Image here]]
 

 [COURT]: Do you want to say anything or have any questions about any of the things that we’ve gone over thus far.
 

 [DUCKSWORTH]: No, sir.
 

 If Ducksworth had any qualms about his attorney’s representation, he could have raised them at that time; instead, he indicated that he was satisfied with his attorney’s representation.
 

 ¶ 9. In order to succeed on a claim of ineffective assistance of counsel, Ducksworth must show that his attorney’s performance was deficient and that that deficiency prejudiced Ducksworth’s case.
 
 Doss v. State,
 
 19 So.3d 690, 694-95 (¶ 7)
 
 *4
 
 (Miss.2009). Ducksworth complains that his attorney told him that he would get a life sentence if he went to trial. Ducks-worth was convicted of forcible rape, which carries a maximum sentence of life in prison. Ducksworth’s attorney was not ineffective for informing him that he might receive a life sentence if he went to trial. Ducksworth also complains that his attorney did not contact his aunt regarding her conversation with S.D., wherein S.D. allegedly admitted that she consented to have sex with Ducksworth after he paid her fifty dollars. Since consent is no defense to raping a thirteen year old child, this Court fails to see how that information could have aided Ducksworth’s defense in any way. Finally, Ducksworth complains that his attorney did not seek DNA testing of a window, window screen, and gun at the scene of the crime. Since Ducksworth ultimately admitted that he had sexual contact with the victim, DNA testing of those items became a relative non-issue. Given the deference awarded to the decisions of trial counsel, we cannot say that any of the above is sufficient to prove ineffective assistance of counsel, especially in light of Ducksworth’s sworn statement that he was pleased with the conduct of his trial attorney.
 
 See Doss,
 
 19 So.3d at 695 (¶ 8).
 

 ¶ 10. Finally, we find no merit to Ducksworth’s claim that his guilty plea was not knowingly and intelligently entered. As the Mississippi Supreme Court has stated:
 

 A guilty plea will be found valid if it is shown to have been voluntarily and intelligently made by the criminal defendant before the trial court.
 
 King v. State,
 
 738 So.2d 240, 241 [ (¶¶ 2-3) ] (Miss.1999). To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea.
 
 Harris v. State,
 
 806 So.2d 1127, 1130 [ (¶ 9) ] (Miss.2002).
 

 Burrough v. State,
 
 9 So.3d 368, 373 (¶ 11) (Miss.2009). The transcript of Ducksworth’s plea colloquy shows that Ducksworth was informed of the minimum and maximum sentence that he might receive as well as all the rights and procedures that he would be entitled to if chose to proceed to trial. Ducksworth indicated that he and his counsel had discussed his case and that he was pleased with the advice he received. During the colloquy, Ducksworth was informed of the charge against him and of the factual basis for the charge. Ducksworth indicated that he was sufficiently educated, that he was not under the influence of any drugs or alcohol, and that he still wished to plead guilty. Under these circumstances, we find that Ducksworth’s guilty plea was voluntarily and intelligently made.
 

 ¶ 11. There is no merit to Ducksworth’s contentions of error.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . This is the sentence that was recommended by the State at the outset of Ducksworth’s guilty-plea colloquy and appears to be the sentence that was given by the circuit court. However, neither the sentencing order nor the guilty-plea petition is in the record before us, and the circuit court did not state Ducks-worth’s'sentence in its order denying his motion for post-conviction relief.
 

 [2]
 

 . We have used initials to protect the identity of the thirteen-year-old victim.
 

 [3]
 

 . Although Ducksworth was convicted of forcible rape, not statutory rape, we note that because his victim was only thirteen years old and he was twenty-nine, he could have been sentenced to life imprisonment had he been charged and convicted of statutory rape. In any event, consent is not a defense to rape in any form when the victim is under sixteen years old. Miss.Code Ann. § 97-3-65 (Supp. 2010).
 

 [4]
 

 . As already noted, even if Ducksworth had produced additional evidence on the question of consent, it would not have been a defense to raping a thirteen year old child.