# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01341-COA

**DANIEL RICHARD ZALES A/K/A DANIEL R. ZALES A/K/A DANIEL ZALES**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/12/2014 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANIEL RICHARD ZALES (PROSE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 12/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., MAXWELL AND JAMES, JJ.

### MAXWELL, J., FOR THE COURT:

¶1.     Daniel Zales seeks postconviction relief (PCR) from his *Alford*[1] plea to uttering a counterfeit instrument. After review, we find his plea was voluntary, and because Zales chose to proceed pro se after being warned of the dangers of self-representation, his standby counsel was not ineffective. Further, by entering a voluntary *Alford* plea, Zales waived his right to a preliminary hearing, a bifurcated sentencing hearing, and his right to challenge the State's evidence against him. For these reasons, we affirm the denial of his PCR claim.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

**Facts and Procedural History**

¶2.     In 2013, Zales was indicted as a habitual offender[2] for kidnaping, rape, and uttering a counterfeit instrument. As to the third count, the indictment charged Zales with publishing to the circuit clerk a forged certificate of marriage, falsely claiming the marriage was performed by an ordained minister, when in fact Zales knew the minister's name on the certificate was forged.[3]

¶3.     Two weeks before trial, Zales told the circuit judge he wished to dismiss his appointed counsel and represent himself. After a lengthy inquiry, the judge allowed Zales to proceed pro se, with attorney Marcus Evans remaining as stand-by counsel only. On the morning of trial, Zales—who was still proceeding pro se with stand-by counsel—decided to accept the State's plea offer. The State agreed to nolle prosequi the kidnaping and rape charges in exchange for Zales's *Alford* plea to uttering a counterfeit instrument.[4] After determining the plea was voluntary, the judge accepted Zales's plea and sentenced him as a habitual offender

---

[2] Zales was previously convicted of forgery, credit-card fraud, and receiving stolen property, so he qualified as a habitual offender. *See* Miss. Code Ann. § 99-19-81 (Rev. 2015).

[3] Count Three charged that Zales "did wilfully, unlawfully, and feloniously, with intent to defraud, utter and publish as true and genuine to one Tracy Murray, Circuit Clerk of Kemper County, DeKalb, Mississippi, a certain false, forged and counterfeit writing on paper, commonly known as a Certificate of Marriage, wherein [Zales] had signed the name of 'Dean Steadman' to the Certificate of Marriage, thereby creating a false representation that the rites of marriage were preformed by Dean Steadman, an ordained minister, when in fact [Zales] had forged the name of Dean Steadman on the Certificate of Marriage[.]"

[4] *See* Miss. Code Ann. § 97-21-59 (Rev. 2014).

to ten years in the Mississippi Department of Corrections' custody. Afterwards, Zales filed a PCR motion in the circuit court, which was denied. Zales now appeals that denial.

## Discussion

¶4. In considering the denial of a PCR motion, "we review the trial court's findings of fact for clear error and its determinations of law de novo." *Wilkerson v. State*, 89 So. 3d 610, 613 (¶7) (Miss. Ct. App. 2011). It is the PCR movant's burden to show by a preponderance of the evidence he is entitled to relief. *Id*.

### I. Validity of Guilty Plea

#### A. Voluntariness of Plea

¶5. Zales's first argument is that his *Alford* plea or best-interest plea to uttering a counterfeit instrument was involuntary. An *Alford* plea allows a defendant to maintain his innocence but concede the State had sufficient evidence to convict him. *See Alford,* 400 U.S. at 37-38. While Zales argues he was never explained what an *Alford* plea was, the record shows otherwise. We find the judge clearly described the nature of a best-interest plea, and Zales understood he was entering an *Alford* plea.

¶6. For Zales's guilty plea to be binding, it had to be voluntary, knowing, and intelligent. *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011). "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *Dockery v. State*, 96 So. 3d 759, 763 (¶17) (Miss. Ct. App. 2012) (quoting *Burrough v. State*,

3

9 So. 3d 368, 373 (¶11) (Miss. 2009)). The defendant must also be advised that a guilty plea waives various constitutional rights. *Hill*, 60 So. 3d at 828 (¶11). The most significant indicator of the voluntariness of a defendant's guilty plea is "[t]he thoroughness with which the defendant was interrogated by the lower court." *Id*. at (¶12) (citation omitted).

¶7. At his plea hearing, the terms of the State's plea offer were explained to Zales. If Zales would plead guilty to uttering a counterfeit instrument, the State would nolle prosequi the rape and kidnaping counts. The judge made sure Zales was aware of the sentences he faced if convicted of all three charges. He also satisfied himself that Zales understood the nature of a best-interest plea. "[Y]ou understand with this habitual criminal enhancement and possibility of consecutive life sentences plus another ten years and all that being day-for-day time that you feel like although it's not something you feel like you're technically guilty of, the better thing for you long-term is to go ahead, accept the deal and get the matter behind you, right?" Zales replied, "Yes, sir." The judge again explained the nature of the plea—"you're entering a plea of guilty, but your not admitting you're guilty." The judge followed up by asking, "you're entering a plea of guilty, but you feel like that technically for whatever reason you're not guilty of the offense, right?" Again, Zales said, "That's right, yes, sir."

¶8. Zales also swore the contents of his plea petition were correct. They included a representation Zales was entering a plea under "*Alford v. North Carolina*[.]" And the petition described Zales's belief that "a jury would convict [him] and [he] would receive a

4

much stiffer sentence." Because of this, he said, "[I] wish to accept the State's plea bargain offer, enter my plea of guilty, yet maintain my innocence, because I believe it's in my best interests." So from our review of Zales's plea colloquy, we find it was crystal clear that Zales desired to enter a best-interest plea.

¶9. Further, Zales was also thoroughly questioned by the circuit judge about the sentence he faced by pleading guilty—"ten years day-for-day." As the judge put it, since Zales was a habitual offender, he would serve "day-for-day time, [which was the] maximum sentence[.]" Zales told the judge no force, promises, or threats were used against him to get him to plead guilty. He also maintained he had fully discussed with his stand-by attorney, Evans, all facts and circumstances surrounding the charged offense. This included the contents of his plea petition.

¶10. The judge explained Zales was charged with "present[ing] as true to Tracy Murray, Circuit Clerk, Kemper County, a certificate of marriage knowing that . . . Dean Stedman['s] . . . signature" was "not a genuine signature." Zales represented he understood the elements of the offense and the nature of the charges. The judge asked Zales if he was pleading guilty "not because anybody is making you do it but because you've decided based on all the facts here that it's the right thing for you to do to get this behind you; right?" Zales told him, "Yes, sir." Finally, the circuit judge informed Zales of the rights he was waiving by pleading

guilty,[5] and Zales maintained he understood these rights and wished to waive them. We thus find the record refutes his involuntariness claim.

## B. Factual Basis for Plea

¶11. We also find there was a sufficient factual basis for his plea. A factual basis can be established by "a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, [or] an actual admission by the defendant." *Borden v. State*, 122 So. 3d 818, 823 (¶18) (Miss. Ct. App. 2013) (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013)). An indictment can also "be used as the sole source of the factual basis for a guilty plea" if sufficiently specific. *Id*.

¶12. We find the prosecutor's statement was an adequate factual basis for the plea. The prosecutor told the judge Zales had knowingly presented a forged marriage certificate to Tracy Murray, the circuit clerk. While "there may be some discrepancy as to who actually signed the name of Dean Stedman[,] . . . it was either signed by [Zales] himself" or by some young man that was walking down the street. "But when [Zales] presented it to Tracy Murray, the Circuit Clerk, he knew that it was forged or [a] counterfeit document."[6]

---

[5] These rights included his right to be tried by a jury; to confront witnesses against him; to present evidence and call witnesses on his behalf; to appeal the issue of his guilt; to receive a speedy trial; and to assert other constitutional-rights violations.

[6] *See* Miss. Code Ann. § 97-21-59 (Rev. 2014) ("Every person who shall be convicted of having uttered or published as true, with intent to defraud, any forged, altered, or counterfeit instrument, . . . the forgery, altering, or counterfeiting of which is declared by the provisions of this chapter to be an offense, knowing such instrument . . . to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery[.]").

According to the prosecutor, Tracy Murray would testify she accepted the marriage certificate from Zales. And he represented that Stephanie Hughes, the would-be bride, would testify that she watched Zales sign Dean Steadman's name. The judge also recited the element of the offense. The State told the judge "[t]hat's what our proof would be." And Zales too said that was his understanding, and he wanted to proceed with his plea.

¶13. From this, we find there was a sufficient factual basis for the plea.

## II. Ineffective Assistance of Counsel

¶14. Though Zales next claims his counsel was ineffective, it was Zales who voluntarily dismissed his court-appointed attorney and chose to proceed pro se. So we find this claim also fails.

¶15. An accused "has a constitutional right to represent himself and to present his own case pro se without an attorney." *Davis v. State*, 811 So. 2d 346, 350 (¶7) (Miss. Ct. App. 2001). A motion requesting dismissal of a "court-appointed attorney is addressed to the sound discretion of the trial judge." *Id*. (citing *Burnett v. State*, 285 So. 2d 783, 783 (Miss. 1973)). "A waiver of the right to assistance of counsel may occur at any time, before or during trial, but it must be made with a full understanding of its disadvantages and consequences." *Id*. at (¶6).

¶16. The record shows that two weeks before his plea hearing, Zales—who is a college graduate—told the judge he wanted to dismiss his appointed counsel and proceed pro se. At this point, the judge informed Zales of his constitutional right to represent himself and the

7

dangers and responsibilities of self-representation.  *See Paty v. State*, 162 So. 3d 850, 854 (¶17) (Miss. Ct. App. 2014).[7]  The judge explained that Zales had the right to represent himself.  But he would be "held to the same standard as a lawyer."  Zales said he understood.  The judge further warned that the rules of evidence applied, and he told Zales: "[If you're unable to] get evidence in that you feel like you maybe should because you're not doing it right, the only one that is going to be dealing with the consequences of a poor result is you."  The judge "strongly recommended" Zales allow Evans "to handle all the courtroom communication" on his behalf.

¶17.    After a lengthy inquiry, the judge allowed Zales to proceed pro se.  But he ordered Evans to remain as stand-by counsel to assist as needed.  And at his plea hearing, Zales continued to proceed pro se with stand-by counsel.

¶18.    This court has previously addressed an ineffective-assistance-of-counsel claim lodged against stand-by counsel.  We explained a stand-by defense attorney is "without authority, discretion[,] or control," so a later claim the lawyer rendered ineffective assistance of counsel fails.  *Davis*, 811 So. 2d at 351 (¶10) (quoting *Estelle v. State*, 558 So. 2d 843 (Miss. 1990)).  Thus, "where a defendant declines appointed counsel and proceeds to represent himself with appointed counsel only standing by to provide assistance if called upon[,] that defendant will

---

[7]    *See Paty*, 162 So. 3d at 854 (¶17) (In assessing whether a decision of self-representation was knowingly and intelligently made, the defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'").

8

not be heard to complain on appeal of ineffective assistance of counsel." *Id*. (citing *Estelle*, 558 So. 2d at 847). Because Zales voluntarily waived his right to counsel and elected to proceed pro se, he cannot now claim ineffective assistance.

### III. Waiver of Rights Based on Valid Plea

¶19. Finally, Zales argues he was entitled to a preliminary hearing and a bifurcated sentencing hearing. But these rights were waived once Zales entered a valid guilty plea. *See Partain v. State*, 78 So. 3d 350, 354 (¶16) (Miss. Ct. App. 2011) (A "valid guilty plea operates as a waiver of 'all non-jurisdictional rights or defects which are incident to trial,' including a preliminary hearing."); *Epps v. State*, 161 So. 3d 158, 161 (¶8) (Miss. Ct. App. 2014) ("[A] defendant who enters a plea of guilty is not entitled to a separate hearing."). Zales's sufficiency-of-the-evidence claim is also waived due to the entry of a valid guilty plea. *See Thompson v. State*, 956 So. 2d 355, 357 (¶6) (Miss. Ct. App. 2007) (A criminal defendant who pleads guilty "is not entitled to relief since he waived his right to challenge the State's evidence by entering a valid guilty plea.").

¶20. Because Zales's plea was voluntary, we affirm.

¶21. **THE JUDGMENT OF THE KEMPER COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO KEMPER COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**