# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00041-COA

**CHRISTOPHER B. FRANKS A/K/A CHRISTOPHER FRANKS**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2019 |
| TRIAL JUDGE: | HON. RICHARD A. SMITH |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER B. FRANKS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BRITTNEY SHARAE EAKINS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/22/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     In September 2016, a Washington County grand jury indicted Christopher Franks and two co-defendants for capital murder after Thomas McIntosh died from an overdose of a lethal substance administered by injection. The indictment also charged Franks as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶2.     According to Franks, after one of his co-defendants Trudy Ponder gave a statement to law enforcement implicating him in McIntosh's death, he entered an *Alford*[1] plea to second-degree murder as a non-habitual offender on January 24, 2018. The Washington

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

County Circuit Court sentenced Franks to twenty-five years, with twenty years to be served in the custody of the Mississippi Department of Corrections and five years suspended conditioned upon the successful completion of post-release supervision.[2]

¶3. Approximately nine months after Franks entered his guilty plea, Ponder sent a letter to Franks's attorney, claiming that she had been "coerced . . . to change [her] story and go along with the false statement [she] made." The reason she gave for implicating Franks was that the detective and district attorney's office had promised to help her and her "oldest son . . . get out of trouble." Franks filed a motion for post-conviction relief (PCR) on September 18, 2019, claiming his plea was involuntary, there was no factual basis to the support the charge against him, and he had newly discovered evidence that one of his co-defendants (Ponder) lied to police. Ponder's letter was attached to the motion. Franks did not obtain a sworn affidavit from Ponder, however, because he was concerned that if he "initiate[d] any contact with Ponder[,] . . . it may jeopardize this proceeding."

¶4. The circuit court found no merit to Franks's claims of error and denied the motion. On appeal, Franks reasserts his arguments.[3] We conclude that the court's ruling was not clearly erroneous and affirm.

---

[2] The court also ordered Franks to pay a $1,000 fine, all court costs and state assessments, $500 to the Crime Victims' Compensation Fund, $250 to the district attorney's office, and $300 in crime lab fees.

[3] Because Franks's notice of appeal was filed more than thirty days after the court's order, the clerk's office for the Mississippi Supreme Court issued a "Show Cause Notice." Franks responded that his untimely appeal was attributable to lapses in prison services due to the holiday season and prison lock downs; so this Court concluded "that Franks ha[d] shown good cause to suspend the rules and allow[ed] the appeal to proceed as timely." M.R.A.P. 2(c).

**STANDARD OF REVIEW**

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous[.]" *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017). Questions of law are reviewed de novo. *Id*.

**DISCUSSION**

### I.     Whether Franks's plea was intelligently and voluntarily entered.

¶6.     Although Franks claims that his plea was involuntary, the circuit court determined that Franks's "best-interest plea . . . was knowingly, intelligently, and voluntarily given." Much of Franks's argument on this issue contains only vague accusations of systemic unfairness and injustice in the legal system. The only specific argument with regard to the actual plea proceedings is that he had attempted to express disagreement with the prosecution's statement of the facts. What Franks fails to acknowledge is that after making that statement, he then immediately conferred with counsel and told the court he did not "have any disagreement."

¶7.     Franks entered an *Alford* plea, which allowed him "to maintain his innocence but concede the State had sufficient evidence to convict him." *Borden v. State*, 122 So. 3d 818, 824 (¶23) (Miss. Ct. App. 2013) (citing *Alford*, 400 U.S. at 37-38). "Under *Alford*, an individual accused of a crime may voluntarily, knowingly, and understandably consent to a prison sentence even if he is unwilling or unable to admit his participation in the alleged acts." *Smith v. State*, 196 So. 3d 986, 997 (¶38) (Miss. Ct. App. 2015). The circuit court advised Franks of the charge against him, his constitutional rights, and the consequences of

entering a guilty plea. Franks responded that he understood his rights, and nothing in the record suggests that he was misinformed or coerced into pleading guilty. Based on Franks's statements to the court made under oath, we find that the court did not manifestly err in determining that his plea "was knowingly, intelligently, and voluntarily given."

## II. Whether there was a factual basis for the plea.

¶8. Franks claims no factual basis existed to support his plea, as there was no "physical evidence" proving McIntosh died of "foul play" or linking Franks to his death. He also contends that the "State's case was mighty thin," as the only evidence that implicated him was provided by a co-defendant.

¶9. This Court has held that "[a] factual basis is an essential part of the constitutionally valid and enforceable decision to plead guilty." *Jenkins v. State*, 202 So. 3d 220, 222 (¶8) (Miss. Ct. App. 2016) (citing *Walton v. State*, 165 So. 3d 516, 528 (¶46) (Miss. Ct. App. 2015)). "There are many ways to establish a factual basis, including 'a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant.'" *Id*. (quoting *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013)). "An indictment can also 'be used as the sole source of the factual basis for a guilty plea' if sufficiently specific." *Zales v. State*, 194 So. 3d 182, 186 (¶11) (Miss. Ct. App. 2015) (quoting *Borden*, 122 So. 3d at 823 (¶18)).

¶10. In the context of an *Alford* plea, this Court has further recognized, "Though an admission of guilt is not essential for a valid guilty plea, there must be a factual basis for the plea." *Britton v. State*, 130 So. 3d 90, 93 (¶6) (Miss. Ct. App. 2013) (citing *Reynolds v.*

4

*State*, 521 So. 2d 914, 916 (Miss. 1988)).  We find that the following statement by the prosecutor at the plea hearing established an adequate factual basis for the plea in this instance:

> [T]he State would prove beyond a reasonable doubt that Christopher Franks and others, each acting in concert one with the other, on or about or between December 24th and December 26th in Washington County, Mississippi, did unlawfully, willfully, and feloniously and without authority of law and when the act was done and commission of the act imminently dangerous to others and evincing a depraved heart regardless of human life, although without any premeditation, designed to affect the death, kill one Thomas McIntosh, a human being, by knowingly and willfully injecting the said Thomas McIntosh with a lethal substance that resulted in his death against the peace and dignity of the State of Mississippi.

As the State notes, this statement "mirrors the charge against [Franks] as set forth in the indictment, the only omission being the specific facts surrounding the robbery[.]"  And although Franks initially commented that he had a disagreement with the State's recitation of facts, as noted above he immediately recanted that comment, stating, "No, sir, I don't have any disagreement."  Therefore, we find no merit to Franks's claim the State failed to establish a factual basis for his guilty plea.

### III. Whether the circuit court erred in finding that Franks failed to provide any newly discovered evidence warranting an evidentiary hearing.

¶11.    Mississippi Code Annotated section 99-39-5(1)(e) (Rev. 2015) provides that a petitioner may seek relief through a PCR motion when "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice[.]"  In his PCR motion, Franks argued that Ponder's letter should constitute newly discovered evidence entitling him to an evidentiary hearing.  The court

5

rejected Franks's claim, finding that the letter did "not meet the requirements of newly discovered evidence," as it could "have been discovered before the trial by the exercise of due diligence . . . [, and Franks] clearly knew about it prior to the time he pled guilty."[4]

¶12. This Court has generally held that recanted testimony "is an 'adequate ground' for granting an evidentiary hearing[, . . . as s]uch a hearing allows the judge to 'better evaluate the testimony of the recanting witness' and resolve credibility issues." *Graves v. State*, 187 So. 3d 173, 176 (¶13) (Miss. Ct. App. 2015) (quoting *Sharp v. State*, 152 So. 3d 1212, 1214 (¶10) (Miss. Ct. App. 2014)). Here, except for a nonspecific claim that she had given a "false statement," we find it questionable whether Ponder's letter constitutes recanted testimony warranting an evidentiary hearing.[5] Franks entered a guilty plea; so the record contains no former testimony by Ponder, either at her plea hearing or his. Nor does the record contain her alleged "false statement" to law enforcement. Franks also admitted in his PCR motion that he did not know "specifically what promises were made to Ms. Trudy

---

[4] We find it unclear from the record whether Franks "clearly knew" about the allegations of false statements and coercion in Ponder's letter before pleading guilty. Franks's attorney filed a motion for continuance on January 18, 2018, noting "that one of the Co-Defendants unexpectedly ple[d] guilty and changed her testimony on the events related to trial" and requesting time "to evaluate . . . how same impacts his defenses in this matter." Nevertheless, based on our findings, to the extent that the court's ruling in this regard is error, we find it harmless.

[5] Ponder's letter also challenged the sufficiency of the evidence against her and Franks, asserting that video footage that night "was never pulled, . . . lie detectors were not done, and DNA tests weren't done on [the victim's] clothing. And I'm sure there's a lot more that wasn't done." These comments go to Ponder's credibility and motive for reaching out to Franks's attorney after entering her guilty plea. *See Esco v. State*, 102 So. 3d 1209, 1214 (¶13) (Miss. Ct. App. 2012) (noting that generally, "recanted testimony is 'exceedingly unreliable, and is regarded with suspicion'") (quoting *Bradley v. State*, 214 So. 2d 815, 817 (Miss. 1968)).

Ponder." Therefore, because Ponder's letter did not contain "material facts . . . requir[ing] vacation of the conviction or sentence in the interest of justice," we find no error in the circuit court's determination that the letter did not warrant an evidentiary hearing.

¶13.    The circuit court also determined that Franks did not "include any affidavit with his PCR motion, and he has failed to show any good cause why an affidavit could not be obtained." Mississippi Code Annotated section 99-39-9(1)(e) (Rev. 2015) states that a PCR motion shall contain the following:

> A specific statement of the facts which are not within the petitioner's personal knowledge. The motion shall state how or by whom said facts will be proven. Affidavits of the witnesses who will testify and copies of documents or records that will be offered shall be attached to the motion. The affidavits of other persons and the copies of documents and records may be excused upon a showing, which shall be specifically detailed in the motion, of good cause why they cannot be obtained. This showing shall state what the petitioner has done to attempt to obtain the affidavits, records and documents, the production of which he requests the court to excuse.

Thus, "[t]he movant must prove, through affidavits or otherwise, the potential existence of such facts that, if proven at the hearing, would entitle him to relief." *Magee v. State*, 270 So. 3d 225, 229 (¶14) (Miss. Ct. App. 2018) (quoting *Whatley v. State*, 123 So. 3d 461, 471 (¶33) (Miss. Ct. App. 2013)).

¶14.    Franks's PCR motion contained only Ponder's unsworn, handwritten letter.[6] *See Jefferson v. State*, 302 So. 3d 694, 699 (¶15) (Miss. Ct. App. 2020) (recognizing the Mississippi Supreme Court's holding "that 'unsworn statements[,]' which have not been 'notarized as made before any official[,]' failed to provide sufficient evidence to support a

---

[6] Franks's brief before this Court includes a purported "affidavit" from Ponder, which is neither signed nor notarized.

movant's allegations in his PCR motion") (quoting *Wilcher v. State*, 863 So. 2d 719, 744 (¶¶78, 80) (Miss. 2003)). We do not agree, however, with the court's determination that Franks "failed to show any good cause why an affidavit could not be obtained." Franks expressly stated in his motion that he was worried about jeopardizing the "pro-se proceeding" if he contacted Ponder directly, which could be a valid reason, as such an action might have been construed as intimidating a witness/co-defendant. Our disagreement with the court's finding on this particular issue notwithstanding, for the reasons stated above and Franks's failure to set forth any facts entitling him to relief, we find no clear error in the circuit court's denial of Franks's PCR motion and affirm.

¶15.    **AFFIRMED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, LAWRENCE AND SMITH, JJ., CONCUR. WILSON, P.J., McDONALD, McCARTY AND EMFINGER, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**